# CHARLESTON.

STATE v. EDWARDS.

Submitted September 11, 1912. Decided October 21, 1913.

1. CRIMINAL LAW—*Jurisdiction—Premature Transfer.*

   Upon an indictment for murder the circuit court was not without jurisdiction, because the clerk of the criminal court prematurely certified the same to that court, section 2, of chapter 12, Acts 1911, abolishing such criminal court, having operated *proprio vigore* to effect such transfer, and give the circuit court jurisdiction at the time of the trial. (p. 47).

2. SAME—*Appeal—Discretionary Ruling—Order of Proof.*

   A judgment of conviction in such case is not reversible because the trial court exercising a reasonable discretion refused to admit evidence of the good character of defendant at a particular stage of the trial. (p. 48).

3. SAME—*Harmless Error—Exclusion of Evidence.*

   Though on the trial of an indictment for murder the court may err in refusing to admit at a particular time evidence of a material fact, the judgment will not be reversed on that account when the record shows that the evidence was subsequently admitted in the progress of the trial. (p. 48).

4. HOMICIDE—*Instructions—Self Defense.*

   When on the trial of an indictment for murder there is appreciable evidence on the subject it is reversible error for the court to reject instructions proposed by defendant properly presenting the law of self-defense. (p. 48).

73 W. Va.

Error to Circuit Court, Mingo County.

Will Edwards was convicted of murder in the second degree, and he brings error.

*Reversed and New Trial Awarded.*

*F. H. Evans* and *Sheppard, Goodykoontz & Scherr,* for plaintiff in error.

*A. A. Lilly,* Attorney General, and *John B. Morrison* and *J. E. Brown,* Assistant Attorneys General, for the State.

MILLER, JUDGE:

On a verdict of not guilty of first degree murder, but guilty of murder in the second degree, as charged in the indictment, the judgment complained of was that the defendant be confined in the penitentiary for the period of seven years.

The grounds for reversal relied on here are: First, the case was prematurely ordered to be transferred for trial from the criminal court to the circuit court, in accordance with section 2, chapter 12, Acts 1911: Second, that defendant on the trial was denied the right to prove his own good character: Third, that he was also denied the right to prove the existence of an ax at the place of the homicide, and within the reach of the deceased, in support of his theory of self-defense: Fourth, that the court erroneously rejected his instructions to the jury numbered 4 and 5.

We see no merit in the first point. True an order of the criminal court, entered November 26, 1912, the prisoner being present and not objecting, directed the case to be certified to the circuit court for trial, but the Act required no such order. The Act itself without action by the criminal court transferred all cases pending therein from the criminal to the circuit court. While the Act directs the clerk on and after December 31, 1912, as a ministerial duty, to certify and transfer the cases in his court to the circuit court for trial, we do not think performance of that duty was necessary to give the circuit court jurisdiction. By a subsequent provision of said section 2, "All indictments, actions, suits and proceedings pending in said criminal court on the day last aforesaid   *   *   *   *   shall   *   *   *

\* \* be docketed and proceeded in and tried and determined, and such further proceedings as may be proper, had therein by the said circuit court in all respects as if the same had been found or originated in said circuit court. \* \* \* ." The effect of this provision, we think, was to transfer such cases to the circuit court, whether regularly certified by the clerk as provided or not, and that such certificate was not a pre-requisite to the jurisdiction of the circuit court to try and determine an indictment, provided of course the circuit court actually had possession of the papers and otherwise proceeded regularly in the case.

The second point we think is without substantial merit. The court did not reject finally proof of defendant's good character. When this evidence was offered the court was of opinion, for some reason not disclosed, that it was not proper to admit such evidence at that stage of the trial. There was here a plain intimation that if offered at some other stage the evidence would be admitted; but no such evidence was subsequently proposed. We can not reverse the judgment of a trial court on such matters of discretion, unless it has been abused to the prejudice of the complaining party.

On the third point it is only necessary to say that the court, after the ruling complained of, admitted abundant evidence of the presence of the ax at the place of the homicide, and defendant could not possibly have been prejudiced by the first ruling, or by the order in which the evidence was admitted. *Brooks* v. *Wilcox,* 11 Grat. 417. So we must overrule this point.

Lastly, in rejecting defendant's instructions numbered 4 and 5, we think the court plainly erred. It is not denied that these instructions are good in point of law. They are the same as defendant's instructions numbered 5 and 7, approved in *State* v. *Clark,* 51 W. Va. 468, and correctly state the law of self-defense relied on. The only justification offered by the attorney general for their rejection is that there was no evidence warranting them. In this we can not concur. We do not pretend to say what weight or effect the jury should have given the evidence, but there was certainly some appreciable evidence upon which the prisoner was entitled to these instructions. He did

not deny the killing. He admitted it. His own evidence, corroborated to some extent by other witnesses, was that before he fired the fatal shot the deceased in great anger had hit him on the head with a hammer, threatened to chop his head off, and at the moment he fired was making for an ax near at hand to execute his threat, as he had reason to believe and did believe, and that it was necessary for him to kill deceased to save his own life.

As much as we regret to reverse judgments in such cases, we cannot see our way clear to deprive defendant of a substantial right to have the law of his case properly propounded to the jury.

The judgment below will therefore be reversed, the verdict set aside, and a new trial awarded.

*Reversed and New Trial Awarded.*