# CHARLESTON

## STATE v. MILLER.

Submitted January 27, 1915.   Decided February 2, 1915.

1.   HOMICIDE—*Instructions—Self-Defense—Evidence.*
     Refusal to give instructions correctly stating the law of self-

defense, in a trial on an indictment for murder, when there is evidence appreciably and directly tending to prove legal excuse for the killing is reversible error. (p. 592).

2. CRIMINAL LAW—*Character Evidence—Admissibility.*

It is error to admit evidence in such a case, tending to prove bad character or degradation on the part of the accused, over his objection and in the absence of evidence adduced by him to establish good character on his part. (p. 594).

3. WITNESSES—*Provilege of Accused—Cross-Examination—Character Evidence.*

It is likewise error to require the prisoner, testifying on his own behalf, in a criminal case, over objection made by his attorney, to admit, on cross-examination, acts of degradation, not relevant nor material to the issue. (p. 594).

Error to Circuit Court, Cabell County.

E. E. Miller was convicted of voluntary manslaughter, and brings error.

*Reversed and remanded for new trial.*

*Daugherty & Riggs* and *Marcum & Shepherd,* for plaintiff in error.

*A. A. Lilly,* Attorney General, *John B. Morrison* and *J. E. Brown, Assistant Attorneys General* and *Henry Simms,* for the State.

POFFENBARGER, JUDGE:

On an indictment for murder, the plaintiff in error was convicted of voluntary manslaughter, in the Criminal Court of Cabell County, and sentenced to imprisonment for a period of five years, and the circuit court refused to allow him a writ of error. Then he obtained one from this court.

Assuming lack of evidence tending to prove self-defense, the trial court refused instructions which would have advised the jury as to the right of such defense and the elements thereof; and for the state, it is insisted here that he had waived it, by his assignment, as a reason for the shooting, of his sudden discovery of Johnson, the slain man, in company with his wife on a bed in Johnson's room in a hotel in which the wife was employed. If there was evidence tending to main-

75 W. Va.

tain the issue of self-defense, this admission did not preclude consideration thereof by the jury, nor justify the action of the court in its refusal of the instructions, correctly declaring the law of self-defense. *State* v. *Michael,* 82 S. E. 611. In that case, the prisoner said he had shot in self-defense, and the court omitted to recognize, in its instructions, the right of the jury to find him guilty of manslaughter, a lower degree of crime, and, for that, a new trial was allowed. Here the court denied the defense of excusable homicide, because the prisoner assigned a reason for the shooting, inconsistent with that theory. Hence, the principle of the Michael case is clearly applicable.

The eye-witnesses to the shooting were the accused and his wife. The former said: ''They were on the bed and I seen him throw himself over my wife, that way, and kind of raised and I jerked the little boy out of the door and he jumped off and grabbed a brick, and he didn't get straight with it, until I went to shooting. * * * He just sprang out-off of the bed and grabbed the brick. It lay right at the foot of the bed. I saw it there not thirty minutes before.'' Asked, on cross-examination, why he shot Johnson, he said ''Because I caught him there with my wife;'' but later he said: ''Well, I thought he was aiming to hit me with that brick.'' Still later, this question was asked; ''You thought you had to do something—was that the reason you shot? and he answered: ''Yes, sir, the reason I shot him, I caught him on the bed with my wife.'' The wife said, ''Mr. Johnson jumped off of the bed and grabbed the brick, that is next to the foot of the bad. When he raised with the brick I heard the report of a gun.''

Sufficiency of this evidence to justify the giving of instructions declaring the law of self-defense is beyond doubt. There was a clear hostile overt act by one who had reason to believe an attack would be made upon him, but there is no evidence that, at the time of his seizure of the brick, a deadly weapon, the attack he might have to resist would be a deadly one. There is no proof of any antecedent hostile demonstration of any character on the part of the accused. The brick may have been seized as a mere weapon of defense, but the motive was a question of fact-for the jury. Seizure of the deadly weapon

for defense against a mere anticipated assault is a circumstance indicative of purpose to repel it in a felonious manner, if it should be made, and this the jury might take into consideration. In view of the suddenness of the encounter, it was their province to consider and weigh the probability of an attack by the deceased, with the brick, in anticipation of the expected immediate attack upon him. ''The sufficiency of an overt act or hostile demonstration to show a design, real or apparent, to do great bodily harm, which will warrant acting in self-defense, is a matter of fact for the jury to be determined according to all the evidence.'' Wharton, Homicide, p. 399; *State* v. *Edwards,* 79 S. E. 1005.

Though not made a ground of the motion for a new trial, the admission of evidence reflecting upon the accused, in the absence of any effort on his part to prove good character, is complained of. This error is not available as ground for reversal, because not relied upon in the motion for a new trial. *Hill* v. *Norton,* 74 W. Va. 428, 82 S. E. 363; *State* v. *Henaghan,* 73 W. Va. 706, 81 S. E. 539. But, since a new trial must be allowed for the error in the rulings on instructions it is proper to say, for the purpose of such trial, the evidence of the bad character of the accused is not admissible, unless he endeavors to prove good character on his part. *State v. Sheppard,* 49 W. Va. 582.

The prisoner himself was required over the objection of his attorney, to admit acts of degradation, wholly irrelevant to the issue. Since he was a party as well as a witness, we think the objection of his attorney was the equivalent of a claim of privilege on his part, and the court should have sustained the objections and excluded the questions. *State* v. *Hill,* 52 W. Va. 296, 298; *State* v. *Prater,* 52 W. Va. 132.

For the error in the rulings upon instructions, herein noted, the judgment will be reversed, the verdict set aside and the case remanded for a new trial.

*Reversed and remanded for new trial.*