# CHARLESTON.

MIDLAND INVESTMENT CORPORATION *v.* J. M. BALLARD, *Committee et al.*

(No. 5700.)

Submitted May 4, 1926.  Decided May 11, 1926.

1.  JUSTICES OF THE PEACE—*Justice of the Peace is Without Jurisdiction of An Action Against a Resident of Another County on a Cause Arising in Such Other County (Code, c. 50, § 16).*

    Under § 16, ch. 50, Code, a justice is without jurisdiction in an action brought before him against a defendant who is a resident of this state but not of the county in which the action is brought, the cause of action having arisen in the county of defendant's residence.  (p. 594.)

    (Justices of the Peace, 35 C. J. § 103.)

2.  SAME—*In Action Arising Defendant in County of His Residence, Attachment of His Property in Another County, Gives Justice of the Peace Therein no Jurisdiction (Code, c. 50, § 9113).*

    In such case the justice being without jurisdiction in the principal action acquires no jurisdiction by attachment of the defendant's property in the county in which the action is brought.  (p. 594.)

    (Justices of the Peace, 35 C. J. § 103.)

3.  PROHIBITION—*When Court is Proceeding Without Jurisdiction, Prohibition Will Issue Regardless of Existence of Other Remedies.*

    Wherever it appears that a court is proceeding in a case without jurisdiction, prohibition will issue regardless of the existence of other remedies.  (p. 595.)

    (Prohibition, 32 Cyc. p. 617 [Anno].)

4.  SAME—*Where Court is Proceeding Without Jurisdiction, Prohibition May be Invoked by Anyone Injuriously Affected by Action Sought to be Prevented.*

    In such case prohibition may be invoked by any person injuriously affected by the action which he seeks to prevent.  (p. 595.)

HATCHER, JUDGE, absent.

(Prohibition, 32 Cyc. p. 622.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Original proceeding by the Midland Investment Corporation for prohibition to be directed against J. M. Ballard, as committee for James B. Ballard and others.

*Writ awarded.*

*Lively & Stambaugh,* for petitioner.
*R. L. Clark,* and *John L. Rowan,* for respondents.

WOODS, JUDGE:

J. M. Ballard, committee for James B. Ballard, brought an action before J. T. Miller, a justice of Monroe County, against H. N. Meade, doing business under the firm name and style of The Beckley Hudson-Essex Motor Company, for the recovery of $219.58, for money due on contract. The first summons sued out in said action was returned setting forth that the said H. N. Meade could not be found. Thereupon the said J. M. Ballard, as such committee, filed his affidavit before said justice for an attachment, alleging, among other grounds, upon which the attachment should issue, the following: "This action has been brought before a justice of the peace of Monroe county, and the defendant, your affiant is advised, resides in another county, so that a summons issued by a justice of Monroe county can not be served on the defendant in another county even should he be found." Upon this affidavit said justice issued an order of attachment and placed the same in the hands of a constable of said county, who levied the same upon one Essex Coach automobile, as the property of the said H. N. Meade, etc. A second summons was issued and executed by posting at the front door of the court house in Monroe county. Counsel for Meade appeared specially before the said justice and filed a plea in abatement, duly verified, to the jurisdiction of the justice, alleging that the cause of action arose in Raleigh county, and that the said H. N. Meade then and at the time of the institution of said action resided in Raleigh county, and had continuously so resided therein for a long period prior to the institution of said action. The parties went to trial upon said plea, the defendant offering proof to sustain his plea, which was not controverted in any

way by the plaintiff. Notwithstanding that fact, the justice held that since the automobile attached was in Monroe county, he would retain jurisdiction. Without any appearance on the part of said defendant, a trial was had, and the justice rendered judgment in favor of the plaintiff for $219.58, adjudged the said amount to be a lien against said car, and ordered the said constable to sell it for cash at the front door of the court house to satisfy said judgment, and the costs of the action.

The petitioner here, The Midland Investment Corporation, applied to this court for a writ of prohibition to prohibit said justice from taking further cognizance of the matter, averring that the said H. N. Meade, doing business, etc., sold and delivered in Raleigh county to the said James B. Ballard, under a conditional sales contract, in writing, the said automobile (now under attachment), for which the said Ballard paid $150.00 in cash, a further credit of $150.00 without consideration therefor, and for the balance of the purchase price, the said Ballard executed his ten negotiable promissory notes aggregating $559.00, payable to the order of said motor company; that it is the owner, for a valuable consideration, by assignment from the said H. N. Meade, doing business, etc., of the aforesaid ten negotiable notes, together with the conditional sales contract reserving title in said automobile until said notes are paid.

The respondent, J. M. Ballard, Committee for James B. Ballard, makes return to the rule awarded on said petition, in which no denial is made of the fact that the cause of action arose in Raleigh county, and that the defendant was a citizen of said county. He seeks to defend on the grounds, (1) That such application should have been made in the first instance to the circuit court, (2) that the affidavit and order of attachment operated to clothe the justice with jurisdiction in a proceeding in rem, (3) that the petitioner, even if the justice has no jurisdiction, has other legal remedies, and (4) that the petitioner has no interest in the subject matter as will entitle it to maintain prohibition.

Should application have been first made to the circuit court? It is true that in some of our earlier decisions, that in cases of habeas corpus, mandamus and prohibition, it was

held that application should not be made to this court in the first instance, unless there are special reasons for doing so. However, at such time there existed a rule of this court to that effect. · This rule does not now obtain. Art. VIII, §3, Const. West Virginia, provides that the Supreme Court "shall have original jurisdiction in cases of habeas corpus, mandamus and prohibition." It is an unescapable duty imposed upon this Court. *Ex parte Doyle,* 62 W. Va. 280.

The controlling question here is whether Justice Miller had jurisdiction to enter the judgment complained of. "The jurisdiction of justices of the peace is purely statutory. They have only such judicial powers as have been expressly conferred upon them by statute. The courts of justices not being courts of record or general jurisdiction, there is no presumption in favor of jurisdiction when the record does not disclose it." 18 Am. & Eng. Ency. Law (2nd Ed.) 17, and cases there cited. Section 16, Chap. 50, Code, clearly defines the civil jurisdiction of justices in this, that it "shall not extend to any action unless the cause of action arose in his county, or the defendant, or one of the defendants, resides therein, or being a non-resident of the state, is found, or has property or effects within the county." The return of the officer on the original summons shows that Meade was not found in Monroe county, as also the return of the second summons. The affidavit for attachment recites the fact that Meade resides in another county in this state. The fact is conceded that he resides and has resided for a number of years in Raleigh county, and that he is a non-resident of West Virginia. It is likewise an admitted fact that the cause of action arose in Raleigh county. But, the respondent claims that the justice acquired jurisdiction by attachment of the property of the defendant in Monroe county. Under §193, Ch. 50, Code, a provision is made for attachments to be issued by justices against a defendant in an action where the ground for attachment exists as set forth in said section, the last ground being, "If the defendant, or any of the defendants, is a foreign corporation, or a non-resident of the State, such justice having jurisdiction of the action, may, subject to the provisions contained in the following section, issue an order

of attachment against the personal property and claims of such defendant.'' There is no provision for an attachment against the property of a defendant who is a resident of the state but not of the county in which the justice is proceeding. *Roberts* v. *Hickory Camp Coal & Coke Co.,* 58 W. Va. 276; *Maynard* v. *Jarrett,* 90 W. Va. 180. Thus, it will be seen, that the attachment in this case being subsidiary to the main suit, the jurisdiction depended upon the principal action, and the defendant Meade not being a resident of the justice's county or a non-resident of the state, and the cause of action not arising in said county, the justice did not acquire jurisdiction by the attachment proceedings.

As to the third ground of defense. Wherever it appears that a court is proceeding in a cause without jurisdiction, prohibition will issue, regardless of the existence of other remedies. *Jennings* v. *McDougal,* 83 W. Va. 187; *Hatfield* v. *Graham,* 73 W. Va. 759; *Weil* v. *Black,* 76 W. Va. 685

Usually the petitioner for the writ is some party to the proceedings sought to be restrained, but it is said that this is by no means essential, as every citizen is interested in restraining courts within their appropriate jurisdictions. Burk's Pl. & Pr. (2nd Ed.) §411; *Mayo* v. *James,* 12 Gratt. 17. Residents and tax-payers, even though they do not have any interest in the subject matter different from that possessed by other members of the general public, have been held to have such interest as will enable them to obtain the writ against courts proceeding without jurisdiction to perform some action inimical to the public's interest. *St. Mary's* v. *Woods, Judge,* 67 W. Va. 110; *State* v. *County Court,* 97 W. Va. 615. In the absence of statutory provision, from the decisions, the true rule may be evolved, that the action may be maintained by any person injuriously affected by the action which he seeks to prevent, but not by a person having no interest therein. *Ex parte Hill,* 38 Ala. 429; *State* v. *Superior Court,* 40 Wash. 443, 111 A. S. R. 915, note c. The petitioner here by virtue of the assignment to it of the notes and the conditional sales contract stands in the shoes of the defendant. Clearly, he is entitled to apply for the writ.

ˈAfter judgment prohibition may be invoked to restrain its execution. *City* v. *Bellar,* 45 W. Va. 44. This is the case here.

*Writ awarded.*