# CHARLESTON.

STATE *v.* HOWARD HIVELY *et al.*

(No. 5782)

Submitted February 8, 1927. Decided February 15, 1927.

1. CRIMINAL LAW—*Trial Judge Should Express to Jury no Opinion on Testimony in Criminal Case, Either Directly or by Innuendo.*

   Under the practice in this State, the trial judge should express to the jury no opinion on the testimony, either directly or by innuendo.   (p. 236).

   (Criminal Law, 16 C. J. §§ 2211, 2246, 2255.)

2. SAME—*Attorney for State May Prosecute Vigorously as Long As He Acts Fairly, But Should Never Become Partisan, Intent Only on Conviction; Remarks by Counsel for State in Presence of Jury During Examination of Accused's Witnesses, Slurring Testimony and Character of Witnesses, Held Error.*

   An attorney for the State may Prosecute vigorously, so long as he deals fairly with the accused; but he should never become a partisan, intent only on conviction.   (p. 236).

   (Criminal Law, 16 C. J. §§ 221, 2246, 2255.)

3. SAME—*Accomplice's Confession or Statement, Not Part of Res Gestae Not Made in Codefendant's Presence, Cannot be Used in Evidence Against Codefendant.*

   The confession of statement of an accomplice which is not

a part of the *res gestae* and not made in the presence of a codefendant, cannot be used in evidence against the codefendant. (p. 236).

(Criminal Law, 16 C. J. § 1332.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Roane County.

Howard Hively and another were convicted of stealing money, and they bring error.

*Judgment reversed; verdict set aside; new trial awarded.*

*Grover F. Hedges* and *Harper & Baker,* for plaintiffs in error.

HATCHER, PRESIDENT:

The defendants were convicted in a joint trial, in the circuit court of Roane County, upon a charge of stealing $30.00 from Susan Walker.

The indictment describes, in part, the money alleged to have been stolen as "bank notes' 'and "bills". Counsel for accused contend that there is no United States currency money corresponding to those descriptions, and that the indictment should therefore be quashed. Those terms are not only in common use among the people in characterizing lawful currency, but are recognized by standard lexicographers. The point is therefore not well taken.

The State offered evidence showing that the two accused visited the home of Mrs. Walker; that Hively had an opportunity to steal the money; that after their departure the money was missing; and that Hively was seen shortly afterwards with money. This evidence was bolstered by testimony of several alleged confessions, accusations and opinions of defendant Jones as to who took the money, all made in the absence of Hively, and too long after the crime to be a part of the *res gestae.*

The accusations and opinions of Jones as to who took the money were not admissible as primary evidence for the State under any rule of law. They would not have been admissible

as direct evidence of Jones, much less as the second-hand expressions of what Jones said. Their admission was error. Greenleaf on Ev. 16th Ed., p. 182; Jones Comm. on Ev. 2nd. Ed., p. 1984.

The alleged confessions of Jones should have been limited to a consideration of his case only. This the court refused to do, either when the confessions or defendants' instruction No. 8 were offered. This was error. *State* v. *Spurr*, 100 W. Va. 121; *State* v. *McCoy*, 61 W. Va. 258.

During the admission of testimony, the court made ironical comments thereon, unfavorable to the accused, in the presence of the jury. See record pages 51, 57, and 89. This was error. Under our practice the trial court should express to the jury no opinion on the testimony, either directly or indirectly—explicitly or by innuendo.

On this subject see *Road Com.* v. *Young*, 100 W. Va. 394; *State* v. *Willey*, 97 W. Va. 253; *State* v. *Edgell*, 94 W. Va. 98; *State* v. *Austin*, 93 W. Va. 704; *State* v. *Staley*, 45 W. Va. 792.

Counsel for the State made gratuitous remarks in the presence of the jury during the examination of witnesses for the accused, slurring both the testimony, and the character of the witnesses. Record, pages 91, 118, and 128. This was error. The Prosecuting Attorney, while testifying as a witness for the State, was permitted to express his opinion that Hively was guilty. Record, pages 149 and 153. This was also error. In the performance of his duties, counsel for the State may vigorously prosecute so long as he deals fairly with the accused, but he should never assume the role of a partisan, eager to convict. "Juries very properly regard the prosecuting attorney as unprejudiced, impartial and non-partisan; and insinuations thrown out by him regarding the credibility of witnesses for the defense are calculated to prejudice the respondent." *People* v. *Cahoon*, 88 Mich. 456. "The position of state's attorney being semi-judicial, and it being his duty to be fair and just in his conduct of trials, both to the state and the accused, he has no right * * *. to indulge in personal abuse of a defendant or witness, nor to

characterize him as a criminal, a perjurer or a convict, though there may be basis for it in the evidence.'' *O'Donnell* v. *The People,* 110 Ill. App. 250. See also *State* v. *Irwin,* 9 Ida. 35; *Holden* v. *State,* 58 Ark. 473 (481) ; *Hillen* v. *People,* 59 Colo. 280 (287) ; *Hamilton* v. *State,* 97 Tenn. 452 (456).

Defendants complain because their instruction No. 3 was not given. This instruction failed to incorporate all the material facts proven by the state, and particularly failed to include the alleged confessions of Jones in so far as they tended to incriminate him. It was therefore properly refused. Bishop New Crim. Pro. Vol. 2, par. 978; *State* v. *John,* 103 W. Va. 148.

The judgment of the lower court is reversed, the verdict of the jury set aside and a new trial awarded the defendants, to be had in accordance with the views herein expressed.

*Judgment reversed; verdict set aside; new trial awarded.*