# CHARLESTON.

State *v.* Jesse Robey

(No. 6094)

Submitted November 20, 1928. Decided November 27, 1928.

428

*U. A. Knapp,* for plaintiff in error.

*Howard B. Lee,* Attorney General, and *W. Elliott Nefflen,* Assistant Attorney General, for the State.

LITZ, JUDGE:

The defendant was indicted jointly with Lawrence Brannon for robbing Harry Stoltz of $1,007.75. Upon a separate trial the defendant was found guilty and sentenced to a term in the penitentiary.

The evidence upon which the state relies for a conviction is as follows: The defendant, Brannon, Stoltz and Tom Bell were engaged in a drinking bout late one afternoon in a house in Fairmont; when Stoltz had been seen to put some money in his right trousers pocket, the defendant extended his hand to the pocket; whereupon Tom Bell struck Robey. Brannon as well as defendant resented the blow and Bell left the house hurriedly and was seen no more. Stoltz then took his departure. leaving defendant and Brannon within the house. After Stoltz was several hundred feet from the house, Brannon suddenly overtook him and held and robbed him of his money. Stoltz observed defendant a few feet to one side while Brannon was holding him. After Brannon had secured the money, he said, "Let's knock him over the hill.", to which the defendant replied, "Let him go home".

Both Brannon and defendant admit drinking with Stoltz and Bell, but deny the robbery as well as any motion by defendant towards Stoltz' pocket. The evidence for the state is sufficient to sustain the verdict During the trial, however, the state, as a part of its evidence in chief and over the objection of defendant, was permitted to introduce testimony that Brannon was overheard telling his wife to look in back of a certain shanty and she would find the money hidden there; and that an officer who later went to the place described by Brannon found no money but did observe the track of a woman's shoe and some broken boards recently disturbed. Brannon's alleged remark to his wife was made several days after the alleged robbery and the defendant was not present. It is settled law that a statement, not a part of the *res gestae,* made by an accomplice after the completion of the crime in

the absence of the accused, cannot be used in evidence against the latter. *State* v. *Hively*, 103 W. Va. 237; *State* v. *Spurr*, 100 W. Va. 121. The opinion in the latter case carefully reviews the authorities.

We find no other prejudicial error, but the admission of the alleged remark of Brannon to his wife was highly prejudicial and calls for a reversal of the case.

*Judgment reversed; verdict set aside; new trial awarded.*