H. J. POLING *v.* COUNTY COURT OF BARBOUR COUNTY *et al.*

(Nos. 8197 and 8198)

Submitted October 30, 1935. Decided November 19, 1935.

*Kittle & Kittle, Dayton R. Stemple* and *D. D. Stemple,* for plaintiffs in error.

*Wm. T. George,* for defendant in error.

HATCHER, JUDGE:

These cases involve the validity of an appointment by the circuit court to fill a vacancy in the office of prosecuting attorney, and the validity of a like appointment by the county court.

The prosecuting attorney of Barbour County resigned, and the circuit court appointed H. J. Poling in his stead. Later, the county court appointed D. R. Stemple to fill the vacancy. Poling brought both of the above proceedings in the circuit court. In the first case (No. 8197) he sought to have the county court prohibited from recognizing its appointee as prosecuting attorney and to have him prohibited from acting as such. In the second case (No. 8198) Poling sought to have

the county court mandamused to recognize him as prosecuting attorney and to pay him the salary of that office. The circuit court rendered judgment in favor of the petitioner in each case.

The petitioner claims under a statute; the respondents resist under the Constitution. Our first Constitution (1862-3) contained no expression directly on this subject. In 1863, the legislature provided that a vacancy in the office of prosecuting attorney of a county be filled by the circuit judge of the county "if deemed necessary." Acts, chapter 100, section 46 (re-enacted Acts 1864, chapter 34). That appointment was made mandatory on the circuit court (or judge thereof in vacation) by Code 1868, chapter 4, section 5. The Constitution adopted in 1872, Article VI, section 40, prescribed: "The Legislature shall not confer upon any court or judge the power of appointment to office, further than the same is herein provided for." It was therein provided that the officers of the supreme court, except the reporter (the attorney general), should be appointed by the court or judges in vacation; that upon a vacancy in the office of clerk of the circuit court the judge of that court should appoint a clerk; that upon a vacancy in the office of justice the county court should appoint a justice, and that it should appoint coroners, overseers of the poor, and surveyors of roads. The legislature of 1872-3 amended and re-enacted chapter 4 of the Code of 1868 omitting section 5 entirely. See House Journal, pp. 329, 583, 759, Senate Journal, pp. 749, 766-7, and Acts, chapter 121. The same legislature directed that a vacancy in the office of prosecuting attorney should be filled by the president of the county court. Acts, chapter 177, section 44. In 1881 the legislature returned to its first notion—appointment by the circuit court or judge. Acts, chapter 10, section 10. Through the vicissitudes of the next fifty years the legislature was constant. But in 1931 the Revisers of the Code, 3-10-10, reminded the legislature that the circuit court or judge was inhibited by the Constitution (Article VI, section 40) from filling a vacancy in the office of prosecuting attorney. Under this nudging the legislature conferred that power upon the county court. Convinced against its will, the legislature re-

mained of the same opinion still, and in 1933, Acts First Extraordinary Session, chapter 51, returned the power of appointment to the circuit court or judge but did not *expressly* repeal the statute of 1931.

Counsel for petitioner make the four following points:

1. That legislative construction of the Constitution is entitled to great consideration and the legislative construction of Article VI, section 40, is on petitioner's side. They stress the fact that nine members of the Constitutional Convention of 1872 who, as they say, ''knew of the constitutional provision and knew its history and meaning,'' were members of the legislature of 1881 which conferred the power of appointment on circuit courts and judges. It appears, however, that ten members of the Convention of 1872, who should have known equally well of the constitutional provision, were members of the legislature of 1872-3 which took the opposite view to that of the legislature of 1881. We are given no reason for preferring the voice of the nine Fathers in 1881 to that of the ten Fathers in 1872-3. The inconsistency of legislative construction hereon destroys its interpretative value.

2. That this Court has upheld other statutes which confer appointive powers on circuit courts. Those statutes, however, relate to court officers, and courts have the inherent right to appoint their own officers unaided by statute. Our leading case on the subject is *State* v. *Mounts*, 36 W. Va. 179, 184, 14 S. E. 407, where the distinction was drawn between public officers and mere officers of the court, and the statute providing for appointment of jury commissioners by the circuit court was upheld because jury commissioners are court officers. The ruling in that class of cases does not support the Act of 1933 (empowering circuit courts and judges to appoint prosecuting attorneys) in any particular, since prosecuting attorneys are primarily public officials. Furthermore, we are of opinion that the constitutionality of a statute should be determined by reference directly to the Constitution itself, rather than by comparison with another, though valid, statute.

3. That the Constitution should be construed most liberally in favor of the validity of the Act of 1933. Liberal construction, however, does not include violence to accepted verbal

signification. "The legislature shall not confer upon any court or judge the power of appointment to office further than the same is herein provided for," sayeth the Constitution. That language is its own expositor. The words are too plain to mistake. The mandate is too positive to evade. No provision is made in the Constitution whereunder the power of appointing a prosecuting attorney may be conferred on circuit courts and judges. Therefore, we are forced to conclude that the Act of 1933 in so far as it would confer that power on circuit courts and judges violates the Constitution.

4. That the constitutional phrase "any court" necessarily includes a county court, and that if the power of appointment conferred on circuit courts by the Act of 1933 is unconstitutional, the power of appointment conferred on county courts by the statute of 1931 is equally so. In connection herewith a brief review of the constitutional history of county courts may be of interest, though not strictly essential to the decision.

Prior to 1872, "the internal affairs and fiscal concerns" of a county, including some minor judicial duties, were administered by a Board of Supervisors. The Constitution adopted in 1872 originated county courts. When first created, a county court consisted of a president (elected from the county at large) and two justices of the peace (who served according to a classification of justices for court work). In addition to the duties theretofore imposed on Boards of Supervisors, county courts were given original jurisdiction in all actions at law where the amount in controversy exceeded twenty dollars, in all cases of *habeas corpus, quo warranto, mandamus, prohibition,* and *certiorari,* in all suits in equity and in all criminal cases under the grade of felony, together with jurisdiction of all appeals from the judgment of justices. County courts were then just as essentially judicial as were circuit courts and the supreme court. In 1881, however, a constitutional amendment deprived county courts of jurisdiction to hear actions at law, suits in equity and appeals from justices. After imposing on county courts certain duties, of which some are judicial and some are administrative, the amendment then provided: "Such courts (county courts) may exercise such other duties, not of a judicial nature, as

may be prescribed by law." See Article VIII, section 24. (It should be observed that this blanket authority in relation to administrative duties does not apply to the supreme court or the circuit courts, but applies to county courts alone.) The amendment conferred the same specific powers of appointment on the several courts as did the Constitution of 1872, but extended the specific power of appointment by county courts to vacancies in the offices of county commissioner and clerk of the county court. Thus, the Constitution, as amended in 1881, expressly authorized county courts to appoint coroners, overseers of the poor, surveyors of roads, and to fill vacancies in the several offices of county commissioner, clerk of the county court, and justice of the peace. The amendment still designated county courts as "courts," but their duties under it became more administrative than judicial. There have been no changes in the Constitution since 1881, which affect the character of county courts.

Since, in moulding county courts, the Constitution has entirely disregarded the separation of governmental powers commanded in Article V, and has blended in such courts both administrative and judicial powers, there would be no inherent impropriety in having county courts fill a vacancy in the office of prosecuting attorney—a purely administrative act. It would but accord with their many other administrative duties. The only reason for questioning its propriety is the inhibition of Article VI, section 40, against conferring that power on "any court." The inhibition, however, is not absolute. It expressly excepts appointments permitted ("provided for") courts elsewhere in the Constitution. Article VIII, section 24 (as above noted) permits county courts to exercise "such other duties, not of a judicial nature, as may be prescribed by law." The duty of filling a vacancy in a county office is simply *another duty, not of a judicial nature, prescribed by the legislature* (the law). It therefore seems beyond debate that the permission granted in section 24 is broad enough to warrant county courts exercising any such appointive powers as may be lodged in them by the legislature.

The Act of 1933 (attempting to confer appointive power on circuit courts and judges) repealed the authority which

the statute of 1931 conferred on county courts to fill a vacancy in the office of prosecuting attorney *only by implication*. Since the portion of the Act of 1933 which afforded the implication is unconstitutional, the Act of 1931 remains in force. *Whitlock* v. *Hawkins*, 105 Va. 242, 53 S. E. 401; 59 C. J., subject Statutes, sec. 479.

The judgment of the circuit court in each case is reversed and both petitions are dismissed. ·

*Judgments reversed; petitions dismissed.*