STATE OF WEST VIRGINIA *v.* LESTER J. SECKMAN

(No. 9334)

Submitted September 8, 1942. Decided October 13, 1942.

*J. Paul Bumgardner,* for plaintiff.

*William S. Wysong,* Attorney General, and *Kenneth E. Hines,* Assistant Attorney General, for defendant in error.

RILEY, JUDGE:

Lester J. Seckman was convicted in the Criminal Court of Harrison County of the offense of rape by force and violence and sentenced to serve a term of five to twenty years in the penitentiary. Defendant prosecutes error to the judgment of the circuit court refusing a writ of error.

Reversal of the trial court's judgment is sought on the basis of the court's refusal to grant a mistrial on two grounds: (1) That though the defendant did not place his character in issue during the trial, a direct assault was made thereon by the action of the prosecuting attorney in calling as a witness Laura Nutter, defendant's mother-in-law, and propounding to her the question: "I will ask you to tell the jury whether or not the marriage of your daughter to the defendant was the result of a sex assault made by the defendant on your daughter before she was sixteen years of age, in the year 1937, three years ago?"; and (2) the prosecuting attorney's reference to the defendant in closing argument as "this man whose wife does not appear in his defense".

Mrs. Nutter was called during the course of the State's evidence. After a few preliminary questions, which identified her as defendant's mother-in-law, the prosecuting attorney addressed to her the question which is embraced in the first ground urged in support of the motion for a mistrial. Immediately, defendant's counsel objected, and, in the absence of the jury, counsel moved for a mistrial. The court overruled the motion but sustained the objection to the question and instructed the jury to disregard it. The witness then was withdrawn from the stand and was not thereafter recalled.

Under these circumstances, was the asking of the question under consideration reversible error? Clearly it was improper. The matter inquired about had no close

connection to the crime for which defendant was being tried, so as to come within the rule of *State* v. *Geene,* 122 W. Va. 51, 7 S. E. (2d) 90, and *State* v. *Johnson,* 105 W. Va. 598, 143 S. E. 352, to the effect that, "On the trial of an indictment for a specific offense, evidence may be admitted of other similar acts so intimately connected with the alleged crime under investigation as to indicate on the part of the defendant a general design or system, inclusive of the crime charged." Nor does the question come within the rule of *State* v. *Friedman,* 124 W. Va. 4, 18 S. E. (2d) 653, wherein questions were addressed to defendant on cross-examination concerning whether he had been convicted of offenses other than the one for which he was being tried. Under Code, 57-3-6, such questions are admissible, but no such statute is applicable here. Defendant had not yet testified and his credibility could not have been involved. Moreover, defendant did not put his character in issue. The State can not introduce evidence "not connected with the crime for which the accused is being tried, for the purpose of showing his bad character, until the accused has first put his own character in issue by attempting to prove a previous good character." *State* v. *Graham,* 119 W. Va. 85, Pt. 1, Syl., 191 S. E. 884; *State* v. *Burnette,* 118 W. Va. 501, 190 S. E. 905; *State* v. *Miller,* 75 W. Va. 591, 84 S. E. 383, 384. In the *Burnette* case, this Court addressed itself to the propriety of the prosecuting attorney, on cross-examination, propounding to the accused a question strikingly similar to the one addressed to Mrs. Nutter. There, after the question was asked, the same procedure was followed as in the instant case. The Court, speaking through Judge Maxwell, said: "The defendant urges that the mere asking of the question involved prejudice to him. Such a question should not be asked. There is no possible justification for it. It is flagrantly violative of fundamental principles which are so familiar to all lawyers and judges that further discussion is unnecessary."

The second ground in support of the motion for a mistrial is the prosecuting attorney's reference in his clos-

ing argument to defendant's failure to call his wife as a witness, a comment made in the face of the inhibitory provision of Code, 57-3-3, stating: "The failure of either husband or wife to testify, however, shall create no presumption against the accused, nor be the subject of any comment before the court or jury by anyone." The trial court, after overruling defendant's motion for a mistrial based on the comment made after the jury had retired, recalled the jury and instructed them to disregard the reference to defendant's wife made during the closing argument. The comment, of course, was improper, but whether of itself it was prejudicial error, we need not say here.

In appraising the extent to which misconduct on the part of a prosecuting attorney is prejudicial to the accused, this Court can, but need not, rely upon the acts of misconduct separately. The question involved is not an academic one as to whether a specific act of misconduct on the part of a prosecuting attorney constitutes prejudicial error. We have before us the practical question whether the prosecuting attorney's conduct in the instant case may have prejudiced the jury against the accused. We regard as cumulative the errors in the question propounded to Mrs. Nutter and the prosecuting attorney's comment to the jury: they interlock. The question involved accused's wrong against his wife. If the court's instruction to disregard it disabused the minds of the jury of any prejudice, the prosecuting attorney's comment concerning her absence as a witness for the defense undoubtedly recalled to the jury the subject matter of the objectionable question.

Again it must be said, as this Court held in State v. Graham, supra; State v. Vineyard, 108 W. Va. 5, 150 S. E. 144; State v. Hively, 103 W. Va. 237, 136 S. E. 862; and State v. Gill, 101 W. Va. 242, 243, 132 S. E. 490, that prosecuting attorneys, in the conduct of criminal trials have a quasi-judicial position. They owe a duty to the courts in which they practice and to the State which they represent to observe the rules of practice and procedure,

statutory or otherwise, which serve to give those tried for crime the safeguards of a fair trial. The crime of which this defendant is accused is "so revolting that it is difficult for the average jury to give the one accused the benefit of a reasonable doubt". *State* v. *Gill, supra; State* v. *Graham, supra,* 91. Its very nature should have prompted the prosecuting attorney to exercise the highest degree of decorum in the conduct of the trial. No doubt he was zealous in the interest of the State which he represented—indeed overzealous—but his zeal was apt to have worked to defendant's prejudice, and that being so, the errors complained of, considered together, constitute reversible error.

For the foregoing reasons the judgments of the Circuit Court and the Criminal Court of Harrison County are reversed; the verdict of the jury set aside; and a new trial awarded.

> *Judgments reversed, verdict set aside; new trial awarded.*