STATE *ex rel.* JAMES W. GOODWIN

*v.*

THE HONORABLE JERRY W. COOK,

*Judge, etc., et al.*

(No. 14248)

Decided October 17, 1978.

162

*Thomas Perry, Covert & King, M. Joseph Thomas, and Robert G. Perry* for relator.

*Douglas Witten, Guy R. Bucci* for respondents.

MILLER, JUSTICE:

This original prohibition challenges the constitutionality of W.Va. Code, 7-7-8, which provides for the disqualification of the prosecuting attorney and the appointment by the circuit court of a special prosecutor.[1] The primary

---

[1] The material portion of W.Va. Code, 7-7-8 is:

"If, in any case, the prosecuting attorney and his assistants are unable to act, or if in the opinion of the court it would be improper for him or his assistants to act, the court shall appoint some com-

ground for the unconstitutionality is based on Article VI, Section 40 of the West Virginia Constitution, which states:

> "The legislature shall not confer upon any court, or judge, the power of appointment to office, further than the same is herein provided for."

We decline to hold the statute unconstitutional.

Petitioner James W. Goodwin is a County Commissioner in Boone County and also the uncle of an assistant prosecuting attorney of Boone County. A complaint was filed against Mr. Goodwin in a magistrate court, alleging misuse of county property. Subsequently, the respondent, the Honorable Jerry W. Cook, Judge of the Circuit Court of Boone County, utilizing the provisions of W.Va. Code, 7-7-8, entered an order disqualifying the prosecuting attorney and his assistants from proceeding in the matter. Judge Cook then appointed Douglas Witten and Guy R. Bucci, attorneys at law, to act as special prosecutors.[2]

Petitioner, Goodwin, maintains that the constitutional provision prohibiting a judge from having the power of

---

petent practicing attorney to act in that case. The court shall certify to the county court the performance of that service when completed and recommended [sic] to the county court a reasonable compensation for the attorney for his service, and the compensation, when allowed by the county court, shall be paid out of the county treasury."

[2] No challenge was made by the prosecuting attorney to the Judge's order of disqualification. Notwithstanding the statement in *State ex rel. Matko v. Ziegler,* 154 W. Va. 872, 882-883, 179 S.E.2d 735, 741-742 (1971), that the prosecutor can be summarily disqualified, it is questionable that he can be disqualified in a case without notice of the grounds for his disqualification and an opportunity to be heard, as a duly elected prosecutor may have an entitlement to office. *North v. West Virginia Board of Regents,* ___ W. Va. ___, 233 S.E.2d 411 (1977); *Waite v. Civil Service Commission,* ___ W. Va. ___, 241 S.E.2d 164 (1977); *see e.g., State ex rel. Ilvedson v. District Court,* 70 N.D. 17, 291 N.W. 620 (1940); *State ex rel. Thomas v. Henderson,* 123 Ohio St. 474, 175 N.E. 865 (1931); *Lattimore v. Vernor,* 142 Okla. 105, 288 P. 463 (1930); *Smith v. Gallagher,* 408 Pa. 551, 185 A.2d 135 (1962); *State v. Flavin,* 35 S.D. 530, 153 N.W. 296 (1915); Annot., 84 A.L.R.3d at 124.

appointment to office renders W.Va. Code, 7-7-8, unconstitutional. The argument is also made that the provision in the statute permitting payment of a reasonable compensation creates a pecuniary interest in the special prosecutor which violates due process concepts, rendering the statute unconstitutional. Consequently, petitioner claims the respondent judge is without authority to appoint special prosecutors to pursue the case against him.

The respondent judge and special prosecutors argue that the statute is not unconstitutional as our constitutional provision does not apply to temporary appointments resulting from a temporary disqualification of the prosecuting attorney. Respondents also contend that this provision must also be read in the light of law that holds, even in the absence of a statute, that a trial court possesses the inherent power to remove a prosecutor for cause in an individual case and appoint a special prosecutor. They assert the fee payment is not unconstitutional since the special prosecutor is not paid from the costs of the case. Respondents also maintain that petitioner lacks standing to challenge the Judge's action.

Since the question of petitioner's standing is a threshold issue, we deal with it first. The respondents do not dispute the fact that the petitioner, Goodwin, is being subjected to a criminal investigation. Although the record does not disclose the precise nature of the charge filed in the magistrate court, it is not denied that the respondent judge has transferred jurisdiction of the charge to the circuit court.[3]

It seems apparent that petitioner has either been charged with a criminal offense or is the subject of criminal investigation by the special prosecutors, or both. On this basis he may be deemed to have a special interest in the correctness of the appointment of the special prosecutor. Moreover, as a citizen and taxpayer, he may have standing to challenge the constitutionality of a statute which not only affects the administration of jus-

---

[3] We are not asked to and therefore do not consider the propriety of this procedure.

tice, but requires the payment of public funds for a special prosecutor.[4]

In *State ex rel. Howard v. Ferguson*, 116 W. Va. 362, 180 S.E. 529 (1935), certain citizens and taxpayers in Mingo County sought to prohibit the Circuit Court of Wayne County from exercising jurisdiction in Mingo County when the Legislature had transferred Mingo County to the same judicial circuit as Wayne County, but before the expiration of the term of office of the circuit judge of Mingo County. The Court, in discussing petitioners' standing, stated:

> "Ordinarily, prohibition is invoked by a party or parties interested in a specific matter as to which they are advised that the tribunal concerned is acting in excess or abuse of jurisdiction. But it is not necessary that the petitioner or petitioners for prohibition be directly concerned in the subject matter of the controversy, 'as every citizen is interested in restraining courts within their appropriate jurisdictions.' *Midland Inv. Corporation v. Ballard*, 101 W. Va. 591, 595, 133 S.E. 316." [116 W. Va. at 364-65, 180 S.E. at 530]

Judge Haymond, writing for a unanimous Court in *State ex rel. Glass Bottle Blowers Association v. Silver*, 151 W. Va. 749, 155 S.E.2d 564 (1967), emphasized the State's interest in any prohibition suit:

> "The State, in its capacity as sovereign, also has an interest to prevent any of its courts from acting without jurisdiction or in excess of the jurisdiction conferred upon it. *State ex rel. Collier v. County Court of Mingo County*, 97 W. Va. 615, 125 S.E. 576. In the opinion in that case this Court,

---

[4] Petitioner's standing to maintain the prohibition can be found on grounds independent of his official capacity as a member of the county court, which body, under W.Va. Code, 7-7-8, is required to pay the special prosecutor out of the public treasury. We, therefore, need not address the issue of whether his personal involvement would preclude his standing on this ground. W.Va. Code, 61-10-15; *Cimino v. Board of Education*, ___ W. Va. ___, 210 S.E.2d 485, 488-89 (1974); *Jordan v. McCourt*, 135 W. Va. 79, 62 S.E.2d 555 (1950).

with relation to the writ of prohibition, used this language: 'At common law the relator need have no personal interest in the proceeding sought to be prohibited. The writ would issue upon the application of a stranger to the record of the suit or proceeding sought to be prohibited. The original theory upon which the writ issued was that where an inferior court usurped jurisdiction or exceeded its jurisdiction it acted in contempt of the sovereign—the fountain of justice and the source of jurisdiction. In modern practice the state stands in the relation of sovereign; so that any court, proceeding in excess of the jurisdiction conferred upon it, in principle acts in contempt of the state. 2 Spelling's Inj. and Ex. Rem. §§ 1745, 1746; High's Ex. Rem. § 779; *Mayo v. James*, 12 Gratt. (Va.) 17; *Worthington v. Jeffries*, L.R. 10 C.P. 379; *State v. Burckhart*, 87 Mo. 533; *Thompson v. Tracy*, 60 N.Y. 31; *State v. Superior Court*, 7 Wash. 77; 7 Comyn's Digest (5th ed.), 141; 8 Bacon's Abridg. 210.' " [151 W. Va. at 754, 155 S.E.2d at 567-68]

From the foregoing authorities, it is clear that the petitioner, Goodwin, does have standing to challenge the constitutionality of the statute authorizing the Judge to appoint special prosecutors. Moreover, his special interest as a person subject to a criminal charge or criminal investigation by an allegedly improperly appointed special prosecutor would give him standing under the following cases. *State ex rel. Linger v. County Court*, 150 W. Va. 207, 144 S.E.2d 689 (1965); *State ex rel. Gordon Memorial Hospital, Inc. v. West Virginia State Bd. of Examiners for Registered Nurses*, 136 W. Va. 88, 66 S.E.2d 1 (1951); *Midland Investment Corp. v. Ballard*, 101 W. Va. 591, 133 S.E. 316 (1926).

We come now to the main issue, and that is a consideration of the scope of Article VI, Section 40 of the West Virginia Constitution. This provision bars the Legislature from conferring upon the courts the power of appointment to office.

Upon the question of the constitutionality of a statute, we must be guided by the cardinal rule that favors a construction of the statute so that it will not be found to conflict with a constitutional principle. *Woodring v. Whyte*, ___ W. Va. ___, 242 S.E.2d 238 (1978); *State ex rel. West Virginia Housing Development Fund v. Waterhouse*, ___ W. Va. ___, 212 S.E.2d 724 (1974); *State ex rel. Metz v. Bailey*, 152 W. Va. 53, 159 S.E.2d 673 (1968).

We are not cited, nor do we find any history of this particular constitutional provision. It was not in the 1863 Constitution, but came to us in the 1872 Constitution.[5] This provision was considered in *State ex rel. Poling v. County Court*, 116 W. Va. 580, 182 S.E. 778 (1935). There, the Court held a statute authorizing circuit judges to fill vacancies in the office of prosecuting attorney—Acts 1933, Ex. Sess., C. 51—to be unconstitutional in light of Article VI, Section 40.

*Poling* correctly stated that the office of prosecuting attorney is a public office. It is constitutionally sanctioned. West Virginia Constitution, Article IX, Section 1.

---

[5] It may be our constitutional framers were troubled by the long-standing Virginia practice which had lodged considerable statutory authority in judges to fill vacancies in office. *Avens v. Wright*, 320 F. Supp. 677 (W.D. Va. 1970); *Burnett v. Brown*, 194 Va. 103, 72 S.E.2d 394 (1952); *Smith v. Kelley*, 162 Va. 645, 174 S.E. 842 (1934). *The Constitution of Virginia: Report of the Commission on Constitutional Revision* at 210-211 (1969), states:

"The appointing power given judges in Virginia today is a vestige of the era when justices of the county courts in Virginia not only acted as judges but exercised as well many of the powers and functions of local government. The justices tried cases, levied county taxes, built roads and bridges, recommended militia appointments, and in effect appointed county officers such as sheriff and coroner."

This practice appears to have been ratified to some extent in the Constitution of Virginia adopted in 1970, where in Article VI, Section 12 it is provided:

"No judge shall be granted the power to make any appointment of any local governmental official elected by the voters except to fill a vacancy in office pending the next ensuing general election or, if the vacancy occurs within one hundred twenty days prior to such election, pending the second ensuing general election."

*State v. Ehrlick,* 65 W. Va. 700, 64 S.E. 935 (1909), discusses some of the historical background of the office and the fact it is separate from the office of attorney general. *Ehrlick* suggests that the prosecutor under statutory powers enforces the criminal laws in the county in which he is elected. In this sense he possesses what may be termed executive powers. We have also characterized his role as being a quasi-judicial officer, at least in the duty to conduct his prosecutions in a fair and impartial manner. *State v. Boyd,* ___ W. Va. ___, 233 S.E.2d 710 (1977); *State v. Hamric,* 151 W. Va. 1, 151 S.E.2d 252 (1966); *State v. Seckman,* 124 W. Va. 740, 22 S.E.2d 374 (1942).

In *State ex rel. Summerfield v. Maxwell,* 148 W. Va. 535, 135 S.E.2d 741 (1964), this Court determined that the office of prosecuting attorney may fall within the inherent power of the court as far as setting the qualifications of the individual to hold the office. There, although neither the Constitution nor any statute expressly required the prosecuting attorney to be a duly licensed attorney, it was decided this was a requirement of the office. This rule was later sanctioned in *State ex rel. Dostert v. Riggleman,* 155 W. Va. 808, 187 S.E.2d 591 (1972).

The problem of a disqualified prosecutor was treated at length in *State v. Britton,* ___ W. Va. ___, 203 S.E.2d 462, 465-67 (1974), where this Court found that it could reach a constitutional dimension affecting the defendant's rights to due process under Article III, Section 10 of our Constitution. The *Britton* rationale was extended to disqualify a special prosecutor in *State ex rel. Moran v. Ziegler,* ___ W. Va. ___, 244 S.E.2d 550 (1978), although *Moran* was grounded on the inherent power of the court to administer the judicial system.

It must be emphasized that *Poling* dealt with a statute that authorized circuit judges to fill by appointment a vacancy in the office of prosecuting attorney until the next regular election. Obviously, with the office vacant, the court was in effect empowered to appoint a new

prosecutor to the office and the constitutional bar against appointment to office by judges was broken.

At the time *Poling* was decided, the statute involved in this case providing for the appointment of a special prosecutor in the event of the disqualification of the regular prosecutor was in existence. A substantially similar statute was enacted in 1882. Acts of Legislature 1882, Chapter 133, Section 7. *Poling* made no mention of this section.

We do not believe *Poling* controls the present case. The statute considered in *Poling* authorized the circuit judge to fill a vacancy in the office of prosecuting attorney until the next election and was a part of our election law.[6] The statute before us in this case has never been part of our election law. It authorizes the circuit judge to appoint a special prosecutor in a given case, where the regular prosecutor has been found to be disqualified. A vacancy in office goes to the entire spectrum of the duties of that office. On the other hand, a disqualification in an individual case still permits the regular prosecutor to exercise all the powers of his office in all other matters.

The important point is that the statute does not empower the court to remove him from office, but only to disqualify him in a particular case.[7] The statute relating

---

[6] Prior to 1931, as *Poling* observed, the power to fill the vacancy in the office of prosecuting attorney was lodged in the judge of the circuit court. W.Va. Code, 1923, Chapter 4, Section 10. In the revised Code of 1931, the Legislature removed this power from the circuit court and placed it in the county court. W.Va. Code, 1931, 3-10-10. This was a part of the election chapter of the Code. In 1933 the Legislature re-enacted W.Va. Code, 3-10-10, to take the power of appointment from the county court and place it with the circuit court. Acts of 1933, Ex. Sess., Chapter 51. Thus, at the time *Poling* was decided in 1935, the only statute governing the filling of a vacancy in the office of prosecuting attorney lodged the power in the circuit court. *Poling* held this act unconstitutional and in effect revived the 1931 statute by holding the 1933 act unconstitutional, and without any further legislative action the 1931 act continues to this day. *See* Editor's Note, W.Va. Code, 1937, 3-10-10.

[7] Not only are there differences between filling a vacancy in the office and the temporary appointment in an individual case, but a

to disqualification of the prosecutor and appointment of a special prosecutor is controlled by the final infinite phrase of W.Va. Code, 7-7-8, which authorizes the court to appoint a special prosecutor "to act in that case" only.[8]

In *State v. Mounts*, 36 W. Va. 179, 14 S.E. 407 (1892), this Court held that the appointment of jury commissioners pursuant to a statute did not violate Article VI, Section 40. It reasoned that a jury commissioner acted only on a special occasion and therefore could not be considered a regular public official:

> "Special commissioners, referees, appraisers, receivers and other similar officers, appointed for a special purpose, and to act on a special occasion, are not public state officers. Mechem, Pub. Off. § 57." [86 W. Va. at 184, 14 S.E. at 408]

The statutory right to appoint probation officers was also sanctioned by this Court as not being in violation of Article VI, Section 40 of our Constitution in *State ex rel. Hall v. County Court*, 82 W. Va. 564, 96 S.E. 966 (1918), and *State ex rel. Locke v. County Court*, 111 W. Va. 156, 161 S.E. 6 (1931). *Hall* proceeded on the theory that probation officers were inherently a part of the court's family:

> "Their duties are defined and partake somewhat more nearly of the functions of attorneys at law, masters in chancery, commissioners to sell and convey real estate, receivers of property *in custodia legis* and referees in bankruptcy, than of the powers of sheriffs and other like officers. In other words, they are officers or assistants of the

---

third category exists. This is where a special prosecutor is created to handle certain cases, even though the regular prosecutor has not been disqualified. In effect, this creates an independent special prosecutor. Annot., 84 A.L.R.3d 29; Note, *The Proposed Court-Appointed Special Prosecutor: In Quest of a Constitutional Justification*, 87 Yale L. J. 1962 (1978).

[8] The full sentence from W.Va. Code, 7-7-8, is:

"If, in any case, the prosecuting attorney and his assistants are unable to act, or if in the opinion of the court it would be improper for him or his assistants to act, the court shall appoint some competent practicing attorney to act in that case."

court, and not state, county or municipal officers within the meaning of Art. IV, of the constitution." [82 W. Va. at 571-72, 96 S.E. at 969]

Certainly, *Mounts* and *Hall* are persuasive on the point that an appointment of a temporary prosecutor in an individual case ought not to be treated as an appointment to office under Article VI, Section 40. Under the *Mounts* approach, he only possesses the power of prosecutor in a limited instance—the particular case to which he has been appointed. The *Hall* theory would include him as a member of the court family and thereby exclude him as a state, county or municipal officer. *Hall* suggests that there is a class of officers who carry out official duties of a judicial nature who are subject to the inherent appointive power of the court. This comports with the inherent authority position taken in *Summerfield, Dostert* and *Moran. Cf. United States v. Hill*, 26 F. Cas. 315, 317 (No. 15,364) (C.C.D. Va. 1809) (Marshall, C. F., sitting as Circuit Justice) (federal trial court has inherent power to summon grand jury).

Other jurisdictions confronted with the problem of the temporary disqualification of the prosecuting attorney have generally sanctioned the authority of the court, under its inherent power to administer the judicial system, to appoint a special prosecutor. *E.g., Weems v. Anderson*, 257 Ark. 376, 516 S.W.2d 895 (1974); *Taylor v. State*, 49 Fla. 69, 38 So. 380 (1905); *State ex rel. Williams v. Ellis*, 184 Ind. 307, 112 N.E. 98 (1916); *White v. Polk County*, 17 Iowa 413 (1864); *State v. Moxley*, 102 Mo. 374, 14 S.W. 969, 15 S.W. 556 (1890); *State ex rel. Thomas v. Henderson*, 123 Ohio St. 474, 175 N.E. 865 (1931); *State v. Flavin*, 35 S.D. 530, 153 N.W. 296 (1915); Annot., 84 A.L.R.3d 115. This appears to be the common law rule. *Regina v. Littleton*, 9 Car. & P. 671, 173 Eng. Rep. 1004 (Central Crim. Ct. 1840); *The Queen v. Page*, 2 Cox's Crim. Cas. 221 (Assiz. 1847).

In the final analysis the abstraction of a constitutional principle must be given a practical form and substance by considering it in the context of the particular

172

area of the law where it is rooted. The term "appointment to office" has under *Poling* been held to be equivalent to filling a vacancy in the elective office of prosecuting attorney.

Obviously, the terms "appointment" and "office" are not immutable terms. Where, as here, the office of the prosecuting attorney is not vacant and the appointment is limited to a specific case, it would be a manifest distortion of our existing law, which permits a court to have the inherent power to disqualify a prosecutor in an individual case for cause, not to allow the exercise of the statutory right to select a temporary special prosecutor in that particular case. Judge Learned Hand made the following telling observation in the case of *Cabell v. Markham*, 148 F.2d 737, 739 (2nd Cir. 1945):

"But it is one of the surest indexes of a mature and developed jurisprudence not to make a fortress out of the dictionary; but to remember that statutes always have some purpose or object to accomplish, whose sympathetic and imaginative discovery is the surest guide to their meaning."

For the foregoing reasons, we conclude that W.Va. Code, 7-7-8, authorizing a circuit judge to appoint a special prosecutor where the court finds the prosecuting attorney is unable or it would be improper for him to act in a given case, does not violate Article VI, Section 40 of the West Virginia Constitution, which prohibits the Legislature from conferring on any court the power of appointment to office.

The petitioner contends the statute is also unconstitutional because it permits the payment of fees to the special prosecutors and this creates a pecuniary interest in them violating due process concepts under *State ex rel. Shrewsbury v. Poteet*, ___ W. Va. ___, 202 S.E.2d 628, 72 A.L.R. 3d 368 (1974). In *Shrewsbury*, this Court ruled unconstitutional a statute which authorized a justice of the peace to collect a fee as a part of the costs of the suit. We determined that inherent in the concept of due process is the right to a fair and impartial judge.

The suit fee created a pecuniary interest which cast a shadow over the principle of impartiality. A similar result had been reached in *Ward v. Village of Monroeville*, 409 U.S. 57, 34 L. Ed. 2d 267, 93 S. Ct. 80 (1972), which dealt with a mayor's court.

There is, however, a critical difference between this case and *Shrewsbury* and *Ward*. Here, the statute does not authorize a fee to be paid to the special prosecutor out of the costs of the case. W.Va. Code, 7-7-8, prescribes that the court, upon completion of the special prosecutor's service, recommend a reasonable compensation for the services to the county court, which "when allowed by the county court, shall be paid out of the county treasury."

The payment of the special prosecutor out of funds from the county treasury parallels the same source of payment from which the regular prosecutor receives his salary. W.Va. Code, 7-7-4. The rationale of *Shrewsbury* and *Ward* is not applicable where the payment arises from public funds as those funds are not related to the fees or costs generated out of the individual criminal case. We, therefore, conclude that the statutory method of payment of a special prosecutor's compensation does not create an impermissible pecuniary interest as condemned in *Shrewsbury* and *Ward*.

For the foregoing reasons, we determine that W.Va. Code, 7-7-8, is not unconstitutional, and therefore the writ of prohibition is denied.

*Writ denied.*

McGRAW, JUSTICE, *dissenting:*

The Constitution of the State of West Virginia is the organic law ratified by the sovereign people of the State. It states in plain words how the government and each of its departments shall be conducted. The Constitution says in Article VI, § 40:

> The Legislature shall not confer upon any court, or judge, the power of appointment to of-

fice, further than the same is herein provided for.

No other constitutional provision is made for a judge to appoint a prosecutor be he regular, assistant or special. The statute which allows a judge to appoint a special prosecutor violates this constitutional provision, and so it should fall.

I am also moved to say that when a court avoids the obvious literal meaning of a constitutional provision and speaks of "inherent power," it has assaulted, or is preparing to assault language, law, or logic, or perhaps all three. Justification through "inherent power" is usually justification without rational basis.

It is the duty of this Court to support the Constitution and to protect it against legislative license.

HARSHBARGER, JUSTICE, *dissenting:*

I disagree with the majority's interpretation of *Poling v. County Court,* 116 W. Va. 580, 182 S.E. 778 (1935) and would hold *Poling* controlling in this case. The majority avoids *Poling,* finding that because the statute involved was a part of the election law in our state (see footnote 6 of the majority opinion) and authorized circuit judges to fill vacancies in the office of prosecuting attorney until next elections, it was different than this statute which allows a judge to appoint a prosecutor in a particular case.

The difference is one only of degree. I see no constitutional distinction between appointment of a prosecutor for the remainder of a term (what if a prosecutor resigned, with one case remaining to be tried?) and appointment for a particular case. The first may go to all the duties of the office; but the other may have just as significant an impact upon the office, the courts, and the criminal justice system as a whole, and certainly *does* have that impact as to the matter for which the special prosecutor is appointed.

The appointment of a special prosecutor is an appointment to office and violates Art. VI, Sec. 40 of the *West Virginia Constitution.* Certainly the constitution does not differentiate between appointments authorized under election laws and appointments by authority of any other laws. As noted in *Poling:*

> The Legislature shall not confer upon any court, or judge, the power of appointment to office, further than the same is herein provided for," sayeth the Constitution. That language is its own expositor. The words are too plain to mistake. The mandate is too positive to evade. No provision is made in the Constitution whereunder the power of appointing a prosecuting attorney may be conferred on circuit courts and judges. 182 S.E. at 779.