STATE OF WEST VIRGINIA *v.* DOUGLAS DORTON

(No. 9413)

Submitted February 3, 1943. Decided February 23, 1943.

*Mahan, Bacon & White*, for plaintiff in error.

*Ira J. Partlow*, Assistant and Acting Attorney General, and *Kenneth E. Hines*, Assistant Attorney General for defendant in error.

LOVINS, JUDGE:

Douglas Dorton, having been convicted of rape with the recommendation for mercy, prosecutes this writ of error to a judgment of the Circuit Court of Fayette County, sentencing him to confinement in the penitentiary for twenty years. He and the complaining witness will be hereinafter referred to as "defendant" and "prosecutrix".

Prosecutrix testified that she first met defendant on a street in the Town of Oak Hill shortly after seven P. M. on November 6, 1941, being introduced to him by Mary Campbell, a mutual acquaintance. Defendant admits meeting prosecutrix on the date and at the place hereinabove mentioned, but asserts that he had known her since the year 1939. After a short conversation relating to the purchase of liquor, the defendant, prosecutrix, and Mary Campbell went to defendant's automobile, in which defendant and prosecutrix drank a small amount of whiskey. Thereafter, the three persons drove to a beer parlor about midway between the Town of Fayetteville and Oak Hill, staying there until shortly before ten o'clock. On the return trip to Oak Hill, defendant, together with his companions, occupied the same seat, Mary Campbell being seated between defendant and prosecutrix. When they arrived in Oak Hill, Mary Campbell left the defendant and prosecutrix in the automobile, which defendant then drove to a secluded spot in a cemetery, where the assault took place. Prosecutrix testified that she was violated on the front seat of the automobile; that the act was accomplished by force and against her will and without her consent; that she screamed for help and resisted to the utmost from the moment she became apprehensive of defendant's intent and until after completion of the act and her strength failed.

Shortly after the assault defendant drove prosecutrix to a point in the vicinity of her home, where she left de-

fendant, entered her home, passed her father and mother in the hall, and went to her room. Her mother followed her to the room, where she informed her mother of the conduct of defendant.

Prosecutrix asserts that this was her first experience of sexual intercourse, in which she is corroborated by a physician who examined her about twenty-five minutes after her arrival home. The physician testified that the prosecutrix was, at that time, extremely nervous, somewhat hysterical, and that he found no evidence of injuries on her person except a freshly ruptured hymen, which in his opinion resulted from a recent and first act of sexual intercourse.

Defendant testified that he became acquainted with prosecutrix in 1939, as hereinabove stated; that he had had sexual intercourse with her on three occasions prior to November 6, 1941; that she consented thereto including the fourth and last act of intercourse, which he says took place on the rear seat of his automobile. His testimony is corroborated as to his prior acquaintance with prosecutrix and there is testimony of two witnesses which tends to corroborate him as to one of the prior acts of sexual intercourse.

At the time of the alleged assault prosecutrix was twenty years of age and weighed approximately one hundred and seven pounds. Her general reputation for chastity was good. Defendant was thirty-seven years old and weighed about one hundred and sixty-five pounds.

The sharp conflict in the evidence is apparent from the foregoing statement. Defendant urges that the story of prosecutrix is incredible, and wholly fails to support the theory of force said to have been applied by him in accomplishing his purpose. He buttresses this by the assertion that the act of sexual intercourse could not have been consummated by force on the front seat of the automobile in the manner related by prosecutrix. This was a matter for jury determination, and, though the act may have been difficult of performance, we are not disposed to say that the testimony of the prosecutrix is beyond belief. Her testimony was credible and in a measure cor-

roborated, but if uncorroborated is sufficient to sustain the verdict of guilty. *State* v. *Rice,* 83 W. Va. 409, 98 S. E. 432; *State* v. *Golden,* 90 W. Va. 496, 111 S. E. 320; *State* v. *Martin,* 102 W. Va. 107, 134 S. E. 599; *State* v. *Wamsley,* 109 W. Va. 570, 156 S. E. 75.

It suffices to say that the conflicting testimony of the principal actors and such other testimony as corroborates or tends to corroborate their respective versions of what occurred between them presents an issue of fact to be resolved by a jury.

The defendant was married at the time of the alleged crime and the State, over his objection, was permitted to prove that fact. The action of the trial court in admitting such testimony is assigned as error. As hereinabove stated, the defendant admitted the act of sexual intercourse, denied the use of force in effectuating it and maintained that the prosecutrix consented. Thus it will be seen that the controlling elements of proof were the use of force by defendant and the lack of acquiescence on the part of the prosecutrix. It is apparent that the testimony as to the marital status of the defendant had no bearing on the issue of defendant's guilt, the non-existence of a marriage between prosecutrix and defendant having been established by other competent evidence. "The criterion of relevancy is whether or not the evidence adduced tends to cast any light upon the subject of the inquiry." Wharton's Criminal Evidence, Eleventh Edition, Section 224, page 268. When tested by the foregoing criterion, the evidence is irrelevant. There are instances when and where the evidence of the marital status of a defendant charged with rape may be relevant and admissible, but in this case such evidence does not aid or tend to aid in the solution of any issue and was, therefore, inadmissible. *Hastings* v. *State,* 119 Tex. Cr. R. 507, 43 S. W. 2d 113; *McDuff* v. *State,* 103 Tex. Cr. R. 668, 281 S. W. 1073; see also 52 C. J., Title Rape, Section 95.

The State by such irrelevant evidence established the status of defendant as a married man, and he, having admitted his association and sexual intercourse with prosecutrix, would be subjected to greater criticism and more

severe condemnation than a single man engaging in similar conduct. Proof that a married man has engaged in criminal intimacy with a young woman might tend to incite the jury to return a verdict calling for punishment of such an unworthy member of society. We are unable to say that the verdict of the jury could not have been influenced by the admission of the irrelevant testimony, but, as hereinabove indicated, the contrary may be true. We hold that the action of the trial court in admitting over defendant's objection testimony as to the marital status of the defendant in the circumstances appearing herein was presumptively prejudicial and calls for a reversal. *State v. White*, 81 W. Va. 516, 94 S. E. 972; *State v. Stone*, 100 W. Va. 150, 130 S. E. 124.

Deeming discussion of other assignments of error unnecessary, we reverse the judgment of the Circuit Court of Fayette County, set aside the verdict of the jury and award the defendant a new trial.

*Judgment reversed; verdict set aside; new trial awarded.*