STATE OF WEST VIRGINIA *v.* ARTIE LIGHT

(No. 9620)

Submitted September 26, 1944. Decided October 31, 1944.

*Grover C. Trail,* for plaintiff in error.

*Ira J. Partlow,* Acting Attorney General, and *Ralph M. Hiner,* Assistant Attorney General, for defendant in error.

LOVINS, JUDGE:

This writ of error was granted to review a judgment of the Circuit Court of Raleigh County, which sustained a verdict of guilty returned by a petit jury of the criminal court of that county by which Artie Light was found guilty of keeping a house of ill fame.

Defendant was tried on an indictment returned by a grand jury impaneled in the criminal court above mentioned on January 11, 1943. In the first count of the indictment it was charged that defendant kept a house of ill fame and in the second count defendant was charged with the offense of having leased or let premises to be used as houses of ill fame. The State elected to try defendant on the charge contained in the first count.

Defendant was the owner and operator of a restaurant and dance hall located about five miles from the City of Beckley on the Harper Road, at which she also sold soft drinks and tobacco. In conjunction with the restaurant she maintained and rented seven cabins located adjacent to the building in which the restaurant was conducted. The State introduced testimony tending to show that persons had occupied and used the cabins for the purpose of engaging in illicit sexual intercourse; that defendant knew the cabins were rented for such purpose; and that defendant's restaurant had the general reputation of being a place at which persons could engage in that act.

Over defendant's objection testimony was introduced to show that intoxicating liquor had been served to a person in a booth at defendant's restaurant, and that defendant had sold intoxicating liquor to habitues of her establishment. A justice of the peace was permitted to testify, over defendant's objection, that she had entered a plea of guilty before him a short time before the return of the indictment to a charge of selling intoxicating liquor.

The jury returned a verdict of guilty, as hereinabove

stated, and the trial court adjudged that the defendant be confined in the county jail for a period of six months, and that she be required to pay a fine of five hundred dollars and the costs of the prosecution.

The Circuit Court of Raleigh County granted defendant a writ of error and supersedeas, and after a hearing thereon entered an order, the effect of which was to sustain the verdict above mentioned, but to set aside the judgment pronounced by the trial court and to remand the case for the sole purpose of imposing a lawful sentence on defendant, who then sought and obtained this writ of error.

The defendant contends that the verdict of the jury was contrary to the law and the evidence and in support thereof makes six assignments of error, but in our view of this case it is necessary to consider only the assignment relating to the admission of illegal and improper evidence. Proof of the sale of intoxicating liquor and of defendant's conviction of that offense was given to the jury over defendant's objection prior to the introduction of any evidence by the defendant. Evidence of an offense not charged wholly distinct and unconnected with the offense charged is inadmissible. *Walker* v. *The Commonwealth,* 1 Leigh 574; *Watts* v. *The State,* 5 W. Va. 532; *State* v. *Baker,* 93 W. Va. 55, 115 S. E. 860; *State* v. *Coleman,* 96 W. Va. 544, 547, 123 S. E. 580; *State* v. *Seckman,* 124 W. Va. 740, 742, 22 S. E. 2d 374. There are important exceptions to the general rule above stated. For a discussion of those exceptions see *State* v. *Conway,* 94 W. Va. 676, 120 S. E. 78; *State* v. *Justice,* 107 W. Va. 490, 148 S. E. 843; *State* v. *Johnson,* 105 W. Va. 598, 143 S. E. 352; *Walker* v. *The Commonwealth, supra;* and *State* v. *Friedman,* 124 W. Va. 4, 18 S. E. 2d 653. It suffices to say that the evidence of offenses other than that charged herein is not within any of those exceptions.

In this case the State introduced evidence in chief which tended to show the commission by defendant of distinct substantive offenses in that she had sold intoxicating liquor on several occasions, and in one instance a

conviction of that offense is shown. There is no connection between the offenses so shown and the offense charged. True, the sales of liquor were made at the same place as that where defendant is alleged to have kept a house of ill fame, but that alone is not sufficient to link the offense charged with those about which the witnesses testified. The admission of testimony relative to sale of intoxicating liquor and a conviction therefor cannot be justified on any theory, and violates well-established principles.

The testimony concerning sales of intoxicating liquor and a conviction for such sale is irrelevant and was improperly admitted. The admission of illegal evidence is presumptively prejudicial, and unless it is clear that the verdict could not have been affected by it, is ground for reversal. *State v. Stone*, 100 W. Va. 150, 130 S. E. 124; *State v. Dorton*, 125 W. Va. 381, 24 S. E. 2d 455; *Mitchell v. Insurance Co.*, 124 W. Va. 20, 30, 18 S. E. 2d 803. In this case we are unable to say that defendant was not prejudiced by allowing the illegal evidence to go to the jury.

For the reasons herein stated the judgments of the Circuit and Criminal Courts of Raleigh County are reversed, the verdict set aside, and a new trial awarded.

> *Judgments reversed; verdict set aside;*
> *new trial awarded.*