82 S.E.2d 423 (1954)
139 W.Va. 818
STATE
v.
ALLEN et al.
No. 10628.
Supreme Court of Appeals of West Virginia.
Submitted April 20, 1954.
Decided May 11, 1954.
Opinion of Judge Riley June 11, 1954.
Opinion of Judge Browning June 14, 1954.
Edward W. Hiserman, John T. Keenan, Willard L. Brown, Charleston, for plaintiff in error.
John G. Fox, Atty. Gen., Harold A. Bangert, Jr., Charleston, for defendants in error.
GIVEN, President.
Defendants, William Allen and Sam Scott, were found guilty by a jury, and each sentenced to one year in the county jail, of charges contained in an indictment returned in the Intermediate Court if Kanawha County. The indictment charged that Allen did "manufacture and sell a quantity of alcoholic liquor", and by a separate count charged that Scott did "counsel, hire, procure, aid and abet the said Willian Allen *424 to do and commit the said misdemeanor". The Circuit Court of Kanawha County having refused a writ of error to the judgment of the Intermediate Court of Kanawha County sentencing defendants, this Court granted a writ of error to the judgment of the circuit court.
Evidence for the State shows that Scott, at the time of the alleged violations, was steward of the K. of P. Club located at 405 Shrewsbury Street, in the City of Charleston, and that Allen was also employed at that club.Duvois Eugene Jacobs, not then a member of the Charleston Police Department, but who was acting at the instance of the city police, about twelve thirty o'clock a.m. on January 11, 1953, visited the club, andl while there purchased one pint of liquor from Charlotte Morgan, who was working at the club. Neither Allen nor Scott was present at any time while Jacobs was there on this particular visit. On January 13, 1953, about five or five thirty o'clock a.m., Jacobs made a second visit to the club, during which visit he purchased a "drink of whiskey" from Allen and paid sixty cents therefor. Scott was not present at any time during the second visit of Jacobs and no employee of the club, other than Allen, was present at the time Jacobs purchased the drink. On January 14, 1953, about three forty five o'clock a.m., Jacobs made a third visit to the club, at which time he also purchased a drink of whiskey from Allen, paying sixty cents therefor. Scott was not present during the third visit of Jacobs. On January 16, 1953, about one fifty five a.m., Jacobs made a fourth visit to the club, purchased and drank a bottle of beer, and heard Scott "issuing orders to Allen, who was a bartender at that time, to give one of the customers who was there at the time a drink", and saw "Allen give him a drink of whiskey", but did not see the customer or any other person pay therefor.
On the basis of information obtained by Jacobs, a search warrant was obtained and a search of the club premises was made, by officers of the city police department, about eleven fifty o'clock a.m., of January 2, 1953. In making the search there were found and seized "Four full pts. of Glenmore and one broken seal Pt. of whiskey and one full fifth and one broken fifth of Burnett's and one broken fifth of Old Hickory whiskey, broken 5th of Glenmore and a broken 5th of Scotch and utility bills & cards addressed to Same Scott". There was also found a number of "shot glasses" and certain letters addressed to Sam Scott at 405 Shrewsbury Street. Scott was arrested at the time of the search, but Allen was not then present.
Defendants contend that the evidence admitted relating to the sale made to Jacobs by Charlotte Morgan related to a crime different than either of those for which defendants were tried, and that the admission thereof constituted prejudical error. They rely on cases like State v. Light, 127 W.Va. 169, 31 S.E.2d 841, and State v. Baker, 93 W.Va. 55, 115 S.E. 860. In State v. Light, the Court held: "It is the general rule, subject to exceptions, that on trial of a person indicated for a specific offense evidence showing commission of distinct and unconnected criminal acts other than that charged is inadmissible." See State v. Moubray, W.Va., 81 S.E.2d 117; State v. Gargiliana, W.Va., 76 S.E.2d 265. We think, however, the rule has no application to the facts in the instant case, for the reason that the alleged offense concerning which the evidence related was committed by neither Allen nor Scott.
Defendants contend further that the evidence had no probative value and therefore its admission constituted prejudicial error. In considering this contention we keep in mind that the State, without any objection by either of defendants, was trying defendants jointly and was attempting to convict Scott on circumstantial evidence. One of the facts to be established, essential to conviction, was that sales were being made at the club by employees of the club, with knowledge of Scott, their superior. Obviously, if sales were being made regularly by different employees under control of Scott, such fact would tend to establish that such sales were probably being made with knowledge of Scott. In other words, such fact would tend to show *425 that Scott was probably guilty of aiding and abetting. Having some probative value, even though considered to be slight, the evidence was, therefore, admissible. See Kirchner v. Smith, 61 W.Va. 434, 58 S.E. 614, 11 Ann.Cas. 870; State v. Sheppard, 49 W.Va. 582, 39 S.E. 676; Hanriot v. Sherwood, 82 Va. 1; Grubb v. Burford, 98 Va. 553, 37 S.E. 4; Munger v. Cox, 146 Va. 574, 131 S.E. 841, 132 S.E. 687.
The only other question to be considered relates to the sufficiency of the evidence to support the verdict of guilty returned against Scott. As will be noticed from the above statement of the evidence, the verdict as to Scott rests wholly upon circumstantial evidence. In no instance is Scott directly or positively connected by the evidence with aiding or abetting in the sales made to Jacobs or, in fact, with any sale. If the evidence, therefore, is sufficient to sustain the verdict as to Scott, inferences of guilt must necessarily be drawn from facts established by the evidence.
There is no question, of course, that convictions of crimes may rest solely upon circumstantial evidence. See State v. Sheppard, supra. In such cases, however, the evidence must exclude every reasonable hypothesis except that of guilt. A defendant cannot be held for a crime on mere suspicion, however strong. State v. Burford, 136 W.Va. 472, 67 S.E.2d 855. In State v. Kelly, 105 W.Va. 124, 141 S.E. 633, we held: "When two inferences, equally plausible, may be drawn from evidence, the law does not permit the jury to adopt the one more unfavorable to the accused." In State v. Bennett, 93 W.Va. 548, 117 S.E. 371, we held: "2. To convict on circumstantial evidence alone, it should to a moral certainty exclude every hypothesis but that of guilt; and circumstantial evidence should always be scanned with caution." See State v. Gill, 101 W.Va. 242, 132 S.E. 490; State v. McHenry, 93 W.Va. 396, 117 S.E. 143; State v. Gunnoe, 74 W.Va. 741, 83 S.E. 64; State v. Gebhart, 70 W.Va. 232, 73 S.E. 964; 23 C.J.S., Criminal Law, 907(e).
In the instant case the evidence shows that Scott was steward of the club, at the time of the sales to Jacobs, and had been for about six years. He was not present at the time of any sale. Certain liquors in bottles, sealed and unsealed, glasses and other articles commonly used in serving liquors, were found at the club. But we cannot assume, and the jury was not warranted in finding from the evidence introduced, that the defendant Scott was using such articles illegally. Neither does the evidence establish, beyond a reasonable doubt, that Allen was under the direct control of Scott. There is no evidence tending to establish such control except the fact that Scott was steward of the club and the fact that Scott requested Allen on one occasion to serve a customer a drink of whiskey. Such facts of themselves do not necessarily infer unlawful sale. Standing alone, they are as consistent with innocence as with guilt. We do not weigh evidence offered on behalf of defendants, but it may be referred to for illustration of the existence of a reasonable hypothesis other than that of guilt. Allen testified to the fact that the liquors and other articles found at the club were kept there by certain members of the club for their personal use, and were so used. While such assertions may be very suspicious, and may even be doubted, such suspicion and doubt cannot amount to proof of guilt. Is it not as probable that Allen made the two sales to Jacobs, and that Charlotte Morgan made the one sale to Jacobs, for their personal gain, as it is that Scott was an aider and abettor? We are of the opinion, therefore, that the circumstantial evidence offered by the State in proof of Scott's guilt is entirely insufficient to sustain the verdict.
The judgments of the Circuit and Intermediate Courts of Kanawha County are affirmed as to the defendant William Allen; the judgments are reversed and the verdict of the jury is set aside as to the defendant Sam Scott, who is awarded a new trial.
Affirmed as to William Allen. Reversed; verdict set aside; new trial awarded as to Sam Scott.
RILEY, Judge (concurring in part, and dissenting in part).
*426 For the reasons set forth in the opinion of the Court, prepared by Judge GIVEN, I concur in the decision of the Court in reversing the judgments of the Circuit and Intermediate Courts of Kanawha County, setting aside the verdict of the jury, and awarding a new trial to the defendant, Sam Scott.
With deference, however, to the members of the Court, who participated in the opinion of the Court, I dissent from the decision of the Court in affirming the judgments of the Circuit and Intermediate Courts of Kanawha County as to the defendant, William Allen, for the reason that I am of opinion that it was prejudical error for the trial court, over the objection of the defendants, to have admitted in evidence the testimony of Duvois Eugene Jacobs, a police investigator, to the effect that on January 11, 1953, he purchased from Charlotte Morgan at the Knights of Pythias Club, in the City of Charleston, a pint of Century Club liquor. Likewise I am of opinion that it was prejudical error for the trial court to have admitted in evidence the alleged pint of liquor, identified as being the one purchased by Jacobs on January 11, 1953, from Charlotte Morgan.
The objectionable evidence is inadmissible under the holding of this Court in State v. Light, 127 W.Va. 169, 31 S.E.2d 841, 842. True, that case involved the alleged sale of liquor at the same place where the defendant was alleged to have kept a house of ill-fame, but the court in the Light case said:
"There is no connection between the offenses so shown and the offense charged. * * *
"The testimony concerning sales of intoxicating liquor and a conviction for such sale is irrelevant and was improperly admitted. The admission of illegal evidence is presumptively prejudicial, and unless it is clear that the verdict could not have been affected by it, is ground for reversal." (Italics supplied.)

In the syllabus of the Light case this Court held that "It is the general rule, subject to exceptions, that on trial of a person indicted for a specific offense evidence showing commission of distinct and unconnected criminal acts other than that charged is inadmissible."
In the instant case, the isolated sale of a pint of liquor by Charlotte Morgan to the police investigator on January 11, 1953, has no connection with the offense charged to have been committed on January 22, 1953, on the occasion a search was made of the premises of the Knights of Pythias Club in the City of Charleston. In fact, in the opinion of the Court it is stated that the rule set forth in the syllabus of the case of State v. Light, supra, "has no application to the facts in the instant case, for the reason that the alleged offense concerning which the evidence related was committed by neither Allen nor Scott." For the same reason I suggest the evidence is inadmissible, and its admission presumptively prejudicial.
For these reasons I would reverse the judgments of the Circuit Court and Intermediate Courts of Kanawha County, set aside the verdict of the jury, and award a new trial to William Allen; and in all other respects I concur in the opinion of the Court.
BROWNING, Judge (dissenting).
I concur in the decision of this Court whereby the judgments of the Circuit and Intermediate Courts of Kanawha County are affirmed as to the defendant, William Allen, but dissent from that part of the decision which reverses the judgments, and sets aside the verdict of the jury as to the defendant, Sam Scott.
Certainly, it was a question for the jury as to the guilt or innocence of Allen upon the testimony of Jacobs, and the officers who subsequently raided the club. Likewise, I believe there was sufficient evidence to sustain the verdict of the jury as to Scott. He was indicted and tried, not for selling liquor, but for aiding and abetting the sale thereof. He was, at the time of *427 all of the sales testified to by Jacobs, and for several years prior thereto, steward of the club. At the time of the raid several letters, including utility bills, were found on the cash register, directed to him at the address where the club was located. On January 11, an employee of the club sold Jacobs a pint of liquor. On January 13, Allen sold him a drink of whiskey, and on January 14, at about 3:45 a.m., Jacobs purchased a second drink of whiskey from Allen. Jacobs was not a member of the club, and at no time was he questioned as to his identity when making these purchases. It is true that Scott was not present on either of the occasions heretofore mentioned. However, on January 16, at 1:55 a.m., Jacobs made a fourth visit to the club, at which time Scott was present, and purchased and drank a bottle of beer. Scott was obviously in charge of the club, and the bartender, at that time being Allen, was directed by Scott, upon inquiry being made, to give one of the customers a drink of whiskey, although Jacobs states that he did not see the customer or any other person, pay for it. On January 22, when the officers raided the club, they found great quantities of alcoholic liquors, and whiskey glasses, described in the Court's opinion, and the man they found in charge of the premises was Sam Scott. There was no identification upon the numerous bottles of alcoholic liquor found there, indicating that they belonged to any particular members of the club. Several of the bottles had convenient appliances attached to them, which it may be said, as a matter of general knowledge, is for the purpose of facilitating the pouring and measuring of liquor by a bartender, or other persons dispensing such liquids.
There was no evidence to indicate that any commodities, other than alcoholic beverages, were dispensed at that place. It is, of course, well established that one may be convicted of a crime solely upon circumstantial evidence, although I do not consider this evidence wholly circumstantial, and that a jury has a right to make reasonable inferences from the evidence presented. In a criminal case, circumstantial evidence should always be scanned with caution, and the law does not permit the jury to adopt an inference unfavorable to the accused when, from the evidence, two inferences, equally plausible, may be drawn therefrom. It is my opinion that from this evidence there was only one plausible inference that could be drawn from the testimony, and that was the one adopted by this jury. Any other inference must, of necessity, be based upon speculation, incompatible with the knowledge, experience and deduction of the average juror, and goes far beyond the realm of reasonable doubt.
I would affirm the judgments of the Circuit and Intermediate Courts of Kanawha County as to both Allen and Scott.