State of West Virginia

*v.*

William R. Bosley

(No. 13574)

Decided October 28, 1975.

*Howard P. Shores and H. R. Athey* for plaintiff in error.

*Chauncey H. Browning*, Attorney General, *Richard E. Hardison*, Deputy Attorney General, *David P. Cleek*, Assistant Attorney General, for defendant in error.

CAPLAN, JUSTICE:

The defendant, William R. Bosley, was indicted by the grand jury attending the Circuit Court of Grant County at its April Term, 1974. Therein he was charged with the offense of driving a vehicle in said county while under the influence of intoxicating liquor. On April 16, 1974, at the conclusion of the trial on said charge, the jury returned a verdict of guilty and the defendant was subsequently sentenced to six months in jail, was assessed a fine in the sum of $100.00 and his license to drive a vehicle was revoked for a period of six months. Upon the refusal of the court to set aside the jury verdict and grant a new trial, the defendant prosecuted this appeal.

On November 2, 1973 at approximately 11:30 P.M. the defendant, while driving his 1953 Willys Jeep on South Main Street in the City of Petersburg, West Virginia, was arrested by two city police officers on the charge of driving a vehicle while under the influence of intoxicating liquor. According to the testimony of one of the arresting officers the defendant's vehicle "jerked through the traffic light and was over in the center of the road towards our side of the road." He testified that the vehicle stopped approximately fifty feet south of the traffic light and that defendant Bosley was the driver thereof. In addition to the two city police officers, a deputy sheriff was also present at the time of the arrest. All three officers testified that the defendant had a strong odor of alcohol "about his breath", that he staggered and that he had to be helped from his vehicle to the police cruiser. All three stated that they believed that the defendant was intoxicated.

The arresting officer testified that he informed the defendant of his rights and then took him to the police station where he called a state trooper for the purpose of permitting the defendant to take a breathalyzer test.

The state policeman testified that although he offered the defendant such test the defendant refused and would not cooperate in any degree.

Defendant Bosley took the stand and testified that he was a retired coal miner, that he had knee trouble which affected his ability to walk properly and that he had black lung and arthritis. During his account of the arrest he seemed confused as to what had taken place. He denied that he was given his rights and also denied that he had been offered a breathalyzer test. This latter denial appeared in the record despite the fact that the trooper testified from a rather lengthy report wherein he related that he questioned the defendant, had offered him a breathalyzer test and that defendant refused such test. The defendant further denied that he was intoxicated and said that "I drank maybe two or three beers or something like that." He related that he did not remember being questioned by the state policeman.

Giving rise to the principal assignment of error in this case is the following testimony. During the cross examination of Paul William Keplinger, one of the police officers present at the time of the arrest of this defendant, counsel for the defendant asked "How many times did you stop him?" That witness replied "Twice." On redirect examination by the prosecuting attorney of witness Keplinger the following questions and answers appear in the record:

Q. Paul, Mr. Athey says or asked you if you ever stopped this defendant before and you said twice?

A. Yes sir.

Q. The time that we're talking about now was one time. What was the other time that you stopped him?

A. I don't remember the date but it was for the same reason. He was charged with DWI.

Immediately following these questions and answers Mr. Athey, counsel for the defendant, moved for a mistrial, contending that such testimony put the defendant's character into issue before "any type of his character" was attempted to be proven by the defendant. The court, noting that the defendant had "asked for it", overruled the motion and an exception was taken.

On this appeal the following assignments of error are relied upon:

1. That the Court erred in permitting the character of the Defendant to be attacked by the State before the Defendant had placed his character into issue.

2. That the Court erred in permitting the State to introduce evidence of other crimes committed by the Defendant and which introduction also attacked the Defendant's character as the State did not justify such evidence as being relevant to the proof of its case in chief.

3. That the Court erred in permitting the Prosecuting Attorney in his closing arguments to make the following statement, 'The defendant, William R. Bosley has already had his break in that he was previously arrested upon a charge of driving while under the influence and said charge was reduced to a plea of reckless driving' and which remarks of the Prosecuting Attorney tended to prejudice, bias and inflame the minds of the jurors against the Defendant, William R. Bosley.

Since the first two assignments of error are interrelated they will be considered together. The defendant contends that he was entitled to a mistrial by reason of the police officer's testimony quoted above. He asserts that his character was thereby attacked before he had placed his character in issue and further that this testimony constituted the introduction of evidence of the commis-

sion of another crime not relevant to the proof of the state's case.

In the circumstances of this case as revealed by the record we disagree with the position of the defendant and find it to be without merit. We are fully aware of and are in total agreement with the principles enunciated in the decisions cited by the defendant for the general proposition, as related in *State v. Seckman*, 124 W. Va. 740, 22 S.E.2d 374 (1942), "The State cannot introduce evidence 'not connected with the crime for which the accused is being tried, for the purpose of showing his bad character, until the accused has first put his own character in issue by attempting to prove a previous good character.'" *See also, State v. McArdle* 156 W. Va. 409, 194 S.E.2d 174 (1973); *State v. Light*, 127 W. Va. 169, 31 S.E.2d 841 (1944); *State v. Martin*, 92 W. Va. 514, 114 S.E. 876 (1922). These cases, however, are clearly distinguishable from the case under consideration.

In the case at bar the evidence complained of was introduced by the state on redirect examination of police officer Keplinger, after defense counsel had asked him on cross examination "How many times did you stop him?", referring to the defendant. As noted above the policeman replied "Twice." When this type of cross examination takes place, pursuing an obvious plan to show police harassment of the defendant, the state on redirect examination, should be permitted to demand an explanation of the occurrence alluded to by defense counsel. Otherwise the charge of police harassment may go unanswered and the jury may not be permitted to fully consider the state's view of the case.

The line of interrogation which defendant alleges improperly brings his character in issue was instigated by the defendant's counsel. By asking the policeman how many times he had stopped the defendant, defense counsel opened the field of questions which permitted the state's attorney to inquire into the reason the defendant was stopped. In other words, the complained of answer was invited by defense counsel. Though it is error to

attack the character of the defendant before he has placed his character in issue, if such error was invited by the defendant, he cannot rely thereon for a reversal of a judgment of conviction.

In *State v. Riley*, 151 W. Va. 364, 151 S.E.2d 308 (1966), the Court said in Syllabus No. 21, "A judgment will not be reversed for any error in the record introduced by or invited by the party asking for reversal." *See, Truschel v. Rex Amusement Co.*, 102 W. Va. 215, 136 S.E. 30 (1926); *James Sons Co. v. Hutchinson*, 79 W. Va. 389, 90 S.E. 1047 (1916); *State v. Calhoun*, 67 W. Va. 666, 69 S.E. 1098 (1910); and 1B M.J. *Appeal and Error* §256. We are of the opinion that the error in this case, if any, was invited by the defendant and cannot serve as a basis for reversal.

The defendant further complains that certain remarks made by the prosecuting attorney during his closing argument to the jury were prejudicial and that by reason thereof the judgment should be reversed. A careful examination of the record reveals that the said closing argument to the jury was not included and is not before this Court. The record of a post-conviction hearing shows that counsel for the defendant expressly instructed the court reporter not to record such argument, although this testimony is most confusing. It is nonetheless a fact that the closing argument of the prosecuting attorney is not a part of the record and is not before this Court for its consideration. The defendant, in his brief, complains of a matter which does not appear in the record. As stated in *State v. McCauley*, 130 W. Va. 401, 43 S.E.2d 454 (1947), "We do not consider matters *de hors* the record." *See, Hartman v. Corpening*, 116 W. Va. 31, 178 S.E. 430 (1935), wherein the Court said "On error, the appellate review of a ruling below is limited to the very record made there." In *State v. Comstock*, 137 W. Va. 152, 70 S.E.2d 648 (1952), the Court held, in Syllabus 9, "Under West Virginia Constitution, Article VIII, Section 5, when a judgment or decree is reversed or affirmed by this Court, the Court will not consider and decide a point which does not fairly arise upon the rec-

ord of the case." *See also*, 1B M.J. *Appeal and Error*, §189 *et seq*. The remarks complained of do not appear upon the record of this case and the Court will not consider this assigned error.

In addition to the foregoing, the evidence of guilt of the offense charged is overwhelming. On this evidence, the jury found the defendant guilty and, as stated in Syllabus No. 3 of *State v. Martin*, 92 W. Va. 514, 114 S.E. 876 (1922), "The general rule here is not to reverse for errors in the admission of evidence when it fully appears upon the whole case presented that the verdict ought to be confirmed." *See, State v. Riley, supra* and *State v. Rush*, 108 W. Va. 254, 150 S.E. 740 (1929).

For the reasons stated herein the judgment of the Circuit Court of Grant County is affirmed.

*Affirmed.*