# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Travis G.,**
**Husband, Respondent Below**

**vs)  No. 15-0661** (Kanawha County 14-D-93)

**Allyson H.,**
**Wife, Petitioner Below**

**FILED**

**May 20, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Travis G. (hereinafter referred to as "husband"), by counsel James Cagle, appeals the March 5, 2015, order of the Circuit Court of Kanawha County that distributed property between the parties in this divorce action.[1] Respondent Allyson H. (hereinafter referred to as "wife"), by counsel Mark Swartz filed a response. Husband filed a reply brief.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the circuit court erred in failing to properly consider the record, that many of the lower courts' findings of fact are clearly erroneous, and that the lower court erred by refusing to allow husband the opportunity to cross-examine the court-appointed expert in this matter. For these reasons, a memorandum decision reversing and remanding the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.[2]

The parties married on August 16, 2003, and separated December 26, 2013. The parties were divorced by bifurcated order on April 21, 2014. At that time, the family court ordered discovery to be completed to determine the equitable distribution of the property of the parties. Both parties are attorneys. At the time of their divorce husband was a member of a two person law firm, ("husband's law firm"), and wife was an associate at another small law firm.

The family court conducted hearings regarding the equitable distribution of property on

---

[1] Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.,* 235 W.Va. 254, 773 S.E.2d 20 (2015); *In re Jeffrey R.L.,* 190 W.Va. 24, 435 S.E.2d 162 (1993); *State v. Edward Charles L.,* 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2] Petitioner husband filed a Motion to Supplement the Record pursuant to Rule 2 of the West Virginia Rules of Appellate Procedure. Based upon our remand of this matter, we find petitioner's motion to be moot, and therefore, deny petitioner's motion.

April 21, 2014, August 7, 2014, and August 18, 2014. At the conclusion of the August 18, 2014, hearing, the only remaining, disputed issue between the parties was the marital value of husband's interest in his law firm. The parties originally selected their marital accountant to do the valuation. That accountant subsequently testified that he was not comfortable serving in that capacity, and the parties agreed to select a new expert. After the parties were not able to come to an agreement as to an expert, the parties agreed to allow the court to appoint an expert. The court appointed Kenneth Apple.

Prior to the August 18, 2014, hearing, wife filed two motions to compel, seeking to discover financial documents from husband's law firm. In a scheduling order entered August 12, 2014, the family court ordered husband to turn over all of the pertinent financial documents regarding his law firm to wife's counsel. Husband's law firm partner then filed a motion to intervene, objecting to the disclosure of certain documents related to the internal workings of husband's law firm.[3] At the August 18, 2013, hearing, Mr. Apple had not yet completed his evaluation. However, the family court made a finding on the record that Mr. Apple had everything he needed to do the valuation and that the parties would receive the report soon.

After the August 18, 2014, hearing, husband obtained new counsel. The parties received Mr. Apple's report on September 23, 2014. Thereafter, husband filed a motion seeking the opportunity to depose Mr. Apple. On October 9, 2014, that motion was noticed, by husband for hearing on November 13, 2014. Wife also prepared a notice of the hearing for November 13, 2014, but stated that the purpose of the hearing was to lodge objections to Mr. Apple's report.[4]

At the November 13, 2014, hearing the family court expressed confusion about the purpose of the hearing. Husband and wife referred the court to their dueling notices of hearing. The family court, after hearing argument from wife's counsel regarding wife's desire to conclude the matter, denied husband's motion to depose the expert. Husband objected, stating that the expert's report could not be accepted as evidence without giving the parties the opportunity to cross-examine him. In response, the family court stated that it had been frustrated by husband's failure to comply with providing financial disclosures, and disclosed that Mr. Apple called the court multiple times to complain about husband's non-compliance.

Thereafter, the family court entered a final order on March 2, 2015.[5] In that order, the family court adopted the valuation of Mr. Apple who valued husband's law firm at $265,000.00. The family court also found that husband was in contempt for failure to comply with discovery by failing to disclose financial documents as ordered. The court also granted "*Conrad*" credits to

---

[3] This motion was still pending at the August 18, 2014, hearing. The record is not clear as to the outcome of this Motion to Intervene.

[4] Wife's notice was filed October 17, 2014.

[5] The final order entered by the family court mirrored the proposed final order submitted by wife.

wife in the amount of $8,618.12, and gave wife a tax credit of $5,332.00 for her 2013 IRS tax obligation.[6] Based upon the extensive record regarding the equitable distribution of the property of the parties, including Mr. Apple's valuation of the firm, and the additional credits, the family court concluded that wife was entitled to a judgment against husband in the amount of $99,350.00, which would accrue interest pursuant to the rates fixed by the West Virginia Supreme Court.

Husband filed objections to the family court order and appealed that order to the Circuit Court of Kanawha County. The circuit court refused husband's appeal, finding that husband failed to provide his 2013 income information and failed to cooperate in the filing of a joint tax return with wife, and negligently failed to take the deposition of Mr. Apple. The circuit court also found that husband "admitted" that he failed to disclose the relevant financial information to Mr. Apple or opposing counsel. The circuit court ruled that the findings of the family court were not clearly erroneous. Husband now appeals the March 15, 2015, order of the Family Court of Kanawha County, and the June 4, 2015, order of the Circuit Court of Kanawha County that denied his appeal.

Husband claims two assignments of error on appeal. Husband first asserts that the circuit court erred by refusing to permit him to conduct a discovery deposition of the court appointed expert. Husband also claims that in its final order, the family court adopted an equitable distribution which conflicted with the court's previous orders.

> In reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo.*

Syl., *Carr v. Hancock*, 216 W.Va. 474, 607 S.E.2d 803 (2004).

Husband first claims that the circuit court erred by treating a written report received from the court appointed expert as evidence and adopting its conclusions without allowing husband to take the expert's discovery deposition. In response, wife asserts that husband failed to depose the expert in the time period prior to the November 13, 2014, hearing, which wife claims was a final hearing. Wife cites the family court order, prepared by wife's counsel, which found that husband did not notice his discovery motion in advance of the hearing, and did not subpoena Mr. Apple prior to the hearing. On appeal, the circuit court found that husband admitted that he failed to provide documents to the family court, wife, and Mr. Apple as ordered by the family court, and that as a result of husband's failure, the only evidence before the family court was the valuation report prepared by the court appointed expert. In making its ruling, the circuit court relied upon Rule 13(b) of the West Virginia Rules of Practice and Procedure for Family Court, which states,

---

[6] *Conrad v. Conrad*, 216 W.Va. 696, 612 S.E.2d 772 (2005).

The failure to file or untimely filing of any required financial information shall not be grounds for a continuance. If a party fails to file or untimely files any required financial information, the court may refuse to grant requested relief to that party, and/or may accept the financial information of the other party as accurate.

The circuit court also found that husband failed to present the testimony of an expert witness, failed to call Mr. Apple to testify as a witness at the November 13, 2014, hearing, and that as a result of these failures, the only evidence available for the circuit court to review regarding the valuation of the law firm was the report of Mr. Apple.

We find based upon our review of the record that the circuit court's findings regarding the proceedings below are not supported by the record. As an initial matter, wife is mistaken in her assertion that husband did not properly notice his motion to depose Mr. Apple. The record in this matter contains a copy of husband's notice "for a hearing on the motion to authorize the discovery deposition of Kenneth W. Apple", which was served on wife's counsel October 9, 2014. There is no indication in the record that Mr. Apple's report was delayed due to husband's alleged failure to provide information. Mr. Apple's report does not in any way reference the need for further documents that were not provided by husband. Further, the record reflects that Mr. Apple indicated to the family court that he had all of the records necessary to conduct his valuation, and that the circuit court specifically noted such at its August 18, 2014, hearing.

A finding [of fact] is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety.

Syl. Pt. 1, in part, *In the Interest of Tiffany Marie S.*, 196 W. Va. 223, 470 S.E.2d 177 (1996).

In the instant case, the circuit court found that at the November 13, 2014, hearing, husband admitted that he had not provided certain requested documents to the court and to wife's counsel, and that husband did not present all of the requested documents to Mr. Apple. In fact, at the November 13, 2014, hearing wife's counsel argued against permitting the deposition of Mr. Apple, and states that husband reportedly admitted, "I did not provide everything to Mr. Apple[,]" to the family court at the August 18, 2014, hearing. However, a review of husband's full statement in the transcript for the August 18, 2014, hearing reveals that husband made no such statements at that hearing. The transcript reveals the following exchange:

Husband's Counsel: "Did you provide your 2013 documentation to Mr. Swartz?

Husband: I did not. I provided everything to Mr. Apple. It's subject to the motion to intervene that's been filed by my partner. I was given permission to give redacted ledgers, profit and loss statements, everything from two thousand—

Family Court: Nobody wants to know who your clients are.

4

Husband: Sometimes I don't want to know actually.

Family Court: Just the numbers was all we need.

This particular finding of the family court is contradicted by the family court's statements to the parties during the August 18, 2014, hearing regarding whether Mr. Apple possessed all of the necessary documents to complete his valuation of husband's firm. At that hearing, the family court stated to the parties,

> I have good news. Mr. Apple thinks that he does have everything he needs to make his evaluation now. And, of course, he hasn't had time to complete an evaluation because he hasn't had it long enough. So he's going to prepare that for us, and we can incorporate that into the Order, whatever it might be when he gets it to us. Okay?

In addition, wife's counsel appeared to withdraw her request for additional 2013 financial documentation prior to the November 13, 2014, hearing. At the August 18, 2014, hearing, wife's counsel complained to the court that he had not received husband's tax information for 2013. In response, wife's counsel represented that husband would provide a K-1[7] after September 15, 2014. At the conclusion of this segment of the hearing, the circuit court stated, "[s]o, that's all we ask, is that Apple be given all the information he needs to value his business so that one-half can be claimed as marital." Later during the August 18, 2014, hearing, wife's counsel admits to the court that in husband's initial financial disclosure, he provided his gross income for the year 2013. Subsequently, in a letter dated September 30, 2014, wife accepted the valuation of Mr. Apple, in spite of her protestations that she did not receive all of the relevant financial documents from husband, writing, "Please be advised that my client is prepared to accept the value an analysis set forth in the Apple report."[8] Accordingly, we find that the circuit court abused its discretion in upholding the family court's refusal to allow husband to depose or examine Mr. Apple.

---

[7] A partnership uses a K-1 to report a partner's share of the partnership's income, deductions, credits, etc. (IRS Partner's Instructions for Schedule K-1(Form 1065).

[8] During the November 13, 2014, hearing, the family court states that there are numerous documents to support the contention that husband did not provide the necessary documentation to Mr. Apple. In response, husband's counsel states that he does not have any documentation to support that assertion. The family court responds that the documentation is "in the court file in Kanawha County." In spite of this assertion by the family court, the parties did not provide to this Court any written documentation that Mr. Apple did not receive the documents required to complete the investigation. "The appellate review of a ruling of a circuit court is limited to the very record there made and will not take into consideration any matter which is not a part of that record." Syl. Pt. 2, *State v. Bosley*, 159 W.Va. 67, 218 S.E.2d 894 (1975).

Rule 706 of the West Virginia Rules of Evidence governs the appointment and examination of court-appointed expert witnesses. Regarding the examination of these witnesses, the rule states, "[a] witness so appointed shall advise the parties of his or her findings, if any; the witness' deposition may be taken by any party; and the witness may be called to testify by the court or any party. **The witness shall be subject to cross-examination by each party, including a party calling the witness.**" W.Va.R.Evid. 706(a), in part (Emphasis added.) Prior to the hearing on November 13, 2014, both parties provided notice regarding the subject of said hearing. Husband noticed the hearing as a Motion to Depose the Court Appointed Expert, while wife noticed that the purpose of the hearing was for the parties' to lodge objections to Mr. Apple's report. Importantly, neither wife nor the family court provided notice to the parties that husband would be subject to contempt at this hearing for his failure to provide discovery. The family court's refusal to allow husband to depose or cross-examine Mr. Apple, without prior notice of this potential action, effectively acted as a sanction pursuant to Rule 13(b) of the West Virginia Rules of Practice and Procedure for Family Court due to husband's alleged discovery violations.

It is well established that a court may sanction an offending party for discovery abuses. In this case, the circuit court found that husband's failure to provide discovery to the family court and wife warranted the sanction of the adoption of Mr. Apple's report without allowing husband to examine or cross-examine the witness. We find the circuit court's ruling in this regard to be an abuse of discretion.

> The imposition of sanctions by a circuit court under W.Va.R.Civ.P. 37(b) for the failure of a party to obey the court's order to provide or permit discovery is within the sound discretion of the court and will not be disturbed upon appeal unless there has been an abuse of that discretion.

Syl. Pt. 1, *Bell v. Inland Mut. Ins. Co.*, 175 W.Va. 165, 332 S.E.2d 127 (1985). The circuit court's power to sanction is subject to the requirements of due process. Due process dictates that a party receive a meaningful notice of hearing and be given an opportunity to respond to any potential sanctions. *See* Syl. Pt. 6, *Czaja v. Czaja*, 208 W.Va. 62, 537 S.E.2d 908 (2000) ("Before imposing sanctions for filing frivolous pleadings and advancing frivolous arguments, a trial court must give the alleged contemnor notice and an opportunity to be heard on the questions of frivolousness, appropriate sanctions, and, if an award of attorney's fees is to be made, on the necessity and reasonableness of such fees. At the conclusion of such hearing, the trial court must make sufficient findings of fact and conclusions of law to enable the appellate court to conduct a meaningful review.").

We have further reasoned that,
> [i]n formulating the appropriate sanction, a court shall be guided by equitable principles. Initially, the court must identify the alleged wrongful conduct and determine if it warrants a sanction. The court must explain its reasons clearly on the record if it decides a sanction is appropriate. To determine what will constitute an appropriate sanction, the court may consider the seriousness of the conduct, the impact the conduct had in the case and in the administration of justice, any mitigating circumstances, and whether the conduct was an isolated occurrence or was a pattern of wrongdoing throughout the case.

6

Syl. Pt. 2, *Bartles v. Hinkle*, 196 W. Va. 381, 472 S.E.2d 827 (1996).

In the instant case, husband filed a notice of hearing regarding his motion to depose Mr. Apple, and proceeded to the hearing under the assumption that his motion would be heard. Although wife filed a notice indicating that the purpose of the hearing would be to lodge objections to Mr. Apple's report, it is disingenuous to assume that husband would be prepared to lodge those objections prior to his deposition of Mr. Apple. No notice was given to husband prior to the hearing that he would not be permitted to cross-examine Mr. Apple due to alleged discovery violations. In fact, the record reflects that the family court informed husband's counsel on August 18, 2014, that he would be permitted to cross-examine Mr. Apple upon receipt of the report. At that hearing, following the family court's announcement that Mr. Apple had all of the evidence he needed to prepare his report, husband's counsel inquired of the court if husband would have the opportunity to cross examine Mr. Apple. The family court replied,

> [i]f you feel the need, if you object. I mean, you may not object to his numbers. He's got numbers. If he puts them in a little formula and in a format that you can agree with, there may not be—you don't need to anticipate a problem when there isn't one. So you look at it from one end, and I look at it from the other end. It's like maybe it'll be okay. Maybe nobody will object. Maybe we can get this case over with for these people and not drag this out any longer. . . .

While it is clear that the family court was frustrated by the protracted litigation between the parties, the family court's ruling did not give husband the opportunity to be heard on his alleged failure to provide the necessary documentation to Mr. Apple, and to meaningfully consider the appropriate sanction. This was an abuse of discretion and the circuit court's order must therefore be reversed.

Husband finally alleges that the family court adopted a final order that does not reflect previous orders of the family court. In support, husband cites that wife received $8,618.12 in "*Conrad* credits", which she should not have received because the parties previously agreed to split this cost, and that wife improperly received a tax credit of $5,332.00 plus interest and penalties due for her 2013 tax return. Wife responds that during the August 18, 2014, hearing, husband had no documents to challenge the *Conrad* credit numbers, and did not lodge any objections to the credits.[9] The family court found that because husband failed to comply with

---

[9] In the portion of the transcript referenced by wife, wife's counsel asked husband,

Wife's Counsel: No. My question was what documents do you have to challenge any number on this spreadsheet, and you have yet to tell me that you have a document today that can challenge any of these numbers. Is that true?

Husband: No. The fact is you have come up with a method of valuing a business that is not accepted.

(continued . . .)

7

discovery, that husband failed to provide evidence to dispute the family court's findings. In fact, husband presented evidence in his objections to the final proposed order, and in his appeal to the family court that the parties had previously agreed by order entered June 30, 2014, to each pay one half of that sum, and that the final order does not reflect this prior order. As the circuit court's refusal to consider husband's argument is the result of the above mentioned sanction, we likewise find that this ruling is an abuse of discretion.

With respect to the tax credit, the circuit court found that husband paid taxes for 2013 in the amount of $66,500.00, and that wife was entitled to her marital portion of that amount. However, at the August 18, 2014, hearing, the family court ruled with respect to the parties' 2013 taxes,

> [y]ou can do separate returns. I'm not going to order you to do a joint return because you are well divorced now and you need to move on. And there's no reason to do that. It's perfectly okay for people to file separately, especially whenever they have financial entanglements that are well past due of being separated. So you file yours. She'll file hers. You're each responsible for your own tax liability. He's already paid into his. I think [wife] has paid into hers. Let's take it off.

In light of the record we find that the circuit court order contains facts that are clearly erroneous and that the circuit court abused its discretion in upholding the order of the family court in this matter. For the foregoing reasons, we reverse the family court's March 2, 2015, order and the June 2, 2015, order of the Circuit Court of Kanawha County and this matter is remanded to the Family Court of Kanawha County, Judge Deloris Nibert, sitting as a temporary family court judge, for further proceedings consistent with this memorandum decision.

---

Wife also implies that husband responded to questions regarding these credits with the responses, "I have none" and "I agree with those numbers". However, these "admissions" are taken out of context.

> Wife's counsel: Okay. Show me your paperwork to suggest that the $500 value for [website domain name] is wrong.
>
> Husband: I have none.
>
> Wife's counsel: Show me your paperwork with regard to the $472 for Carlyle.
>
> Husband: I have none.
>
> Wife's counsel: Would the same be true of all the Morgan Stanley accounts? You have no paperwork to argue any of those numbers.
>
> Husband: I agree with those numbers Mark.

Reversed and Remanded.

**ISSUED:  May 20, 2016**

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Allen H. Loughry II

**DISQUALIFIED:**

Justice Margaret L. Workman
Justice Brent D. Benjamin

9